[Civ. No. 10872. First Appellate District, Division Two.—October 10, 1938.]

HELEN SILVA, Respondent, v. F. W. WOOLWORTH COMPANY (a Corporation), Appellant.

650

Weinmann, Quayle & Berry for Appellant.

Decoto & Hardin for Respondent.

NOURSE, P. J.—Plaintiff sued for damages for injuries resulting from a piece of bone found in a meal served at defendant's restaurant. The cause was tried by the court, and plaintiff had judgment for $500 general damages.

█ The facts are undisputed; the only question involved is whether as a matter of law they constitute a breach of warranty, or negligence. Plaintiff ordered a "special plate" of roast turkey with dressing and vegetables. When it was served to her, she removed the one slice of turkey and ate some of the dressing. She choked, or gagged, and with the aid of a bystander, emitted a small bone about three-quarters of an inch long, one-quarter of an inch wide, and one-eighth of an inch thick. This was carefully preserved, measured, and photographed, and placed in evidence at the trial. Plaintiff suffered a sore throat and some embarrassment from her experience. Medical fees of $36 were included in the judgment.

Appellant relies upon *Mix* v. *Ingersoll Candy Co.*, 6 Cal. (2d) 674 [59 Pac. (2d) 144], in support of its argument that the case must fall upon both grounds. That case is controlling, and hence the judgment must be reversed. The criterion upon which liability is determined in such cases is whether the object causing the injury is "foreign" to the dish served. It was there said that: "Bones which are natural to the type of meat served cannot legitimately be called a foreign substance, and a consumer who eats meat dishes ought to anticipate and be on his guard against the presence of such bones." The direct holding was that a chicken bone was not a foreign substance to a chicken pie just as a beef

bone found in a steak or beef stew or a fish bone found in a fish dish does not render the food unfit for human consumption. Here the turkey and the dressing were served together in one section of the plate. The plaintiff pushed the meat aside so that she could eat the dressing first. Whether the bone came to the plate by way of the meat or the dressing is a pure conjecture upon which there was no evidence. From the exhibit found in the record, it would appear that it had been chipped off when the turkey was carved. The only evidence relating to the preparation of the dressing discloses the improbability of its having entered the dressing at that time. But we must look upon the service as one dish as delivered, in which there was no substance not ''natural to the type of meat served''.

The Mix case also disposes of the question of negligence in the preparation of the food. The finding that the defendant was negligent is based solely on the evidence that the bone was found in the dressing. If this would support an inference of negligence, there is nothing left of the rule in the Mix case, which was based on the pleading alone.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.