[Civ. No. 4283. Fourth Dist. June 25, 1952.]

ELLA LOUISE LAMB, Appellant, v. W. H. HILL, SR., et al., Respondents.

Johnson & Johnson and Harry V. Ashfield for Appellant.

Nottbusch & Nottbusch for Respondents.

MUSSELL, J.—In this action a general demurrer to plaintiff's complaint was sustained, with leave to amend, and plaintiff having declined to file an amended pleading, a judgment was entered against her, from which she appeals.

The facts upon which this action is based, and as alleged in the complaint, may be summarized as follows: On March 14, 1951, plaintiff entered the defendants' place of business, a bakery and café, in the city of San Diego, for the purpose of purchasing food, seated herself at a table provided by defendants, and for a consideration, purchased from the defendants a food product known and designated as "chicken pie." It is alleged that the condition of said pie was wholly latent and unknown to plaintiff; that said pie was manufactured and prepared by defendants prior to plaintiff's entry into said place of business and in the construction and baking of the same, the defendants so carelessly and negligently conducted themselves in and about the preparation and baking of the same as to cause a splinter of bone to be and remain

concealed in said pie and that said defendants carelessly and negligently served the same to the plaintiff for her consumption on the premises; that while eating the pie, the said splinter of bone lodged in plaintiff's throat and esophagus; that it scratched and lacerated her throat, causing what is termed as a "spasm", which at the time caused a partial paralysis of her vocal cords; that as a proximate result, she was unable to speak or articulate for a period of several weeks and as a proximate result suffered pain, mental worry, anxiety and distress; that she still continues to suffer from "spasms" which interfere with her articulation; that she has been prevented from engaging in her usual vocation and business for a period of approximately six weeks and has suffered special and general damages, as set forth in the complaint.

The sole question presented is whether the complaint sets forth facts sufficient to constitute a cause of action against the defendants. This question must be answered in the negative.

■ This action is based on negligence and the facts pleaded do not establish a lack of due care on the part of the defendants. In *Mix* v. *Ingersoll Candy Co.*, 6 Cal.2d 674 [59 P.2d 144], the plaintiff attempted to state a cause of action based upon negligence, alleging facts substantially as pleaded by plaintiff herein. In that case the court held that the restaurant keeper, in the exercise of due care, was not required to serve in every instance a perfect chicken pie, in that all bones are entirely eliminated; that the customer had no right to expect such a perfect product and that it was not negligence on the part of the restaurant keeper to fail to furnish an entirely boneless chicken pie. In that case the decision of the trial court in sustaining a demurrer to the complaint was affirmed and the decision is controlling in the instant action. See, also, *Silva* v. *F. W. Woolworth Co.*, 28 Cal.App.2d 649 [83 P.2d 76].

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.