**Jean BRENNAN, Appellant,**

v.

**SHEPHERD PARK PHARMACY, Inc., a corporation, Appellee.**

No. 2097.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 25, 1957.

Decided Feb. 4, 1958.

Joseph V. Gartlan, Jr., Washington, D. C., with whom Leonard S. Melrod, Washington, D. C., was on the brief, for appellant.

William J. Donnelly, Jr., Washington, D. C., with whom Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant filed a complaint against appellee seeking damages for injuries allegedly sustained as the result of using a hair dye known as "Miss Clairol," which she had purchased from appellee, a retailer. Appellant's deposition was taken and appellee then moved for summary judgment. The motion was granted and this appeal followed.

According to the deposition appellant had been using the same product for about a year without any ill effects. In April 1955 she sent her husband to appellee with instructions to buy a bottle of "Miss Clairol." She applied it to her scalp and shortly thereafter experienced a burning sensation. Later abscesses formed causing loss of hair and necessitating medical treatment.

The allegations of the complaint were framed in such a way as to indicate that

appellant was relying on an implied warranty of fitness for a particular purpose. Since the deposition showed that she had purchased the hair dye by brand name, appellee contended that it was not liable to her because of Code 1951, 28–1115(4), which provides:

"In the case of a contract to sell or sale of a specified article under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose,"

and Jamieson v. Woodward & Lothrop, D.C.Cir.1957, 247 F.2d 23, 24, certiorari denied, 355 U.S. 855, 78 S.Ct. 84, 2 L.Ed.2d 63. The statement of proceedings and evidence recites that the trial judge granted appellee's motion solely on these authorities.

On appeal appellant is apparently conceding that Section 1115(4) precludes any warranty of fitness for a particular purpose here, but instead argues that the facts show a breach of implied warranty of merchantability under subdivision 2 of the same section:

"Where the goods are bought by description from a seller who deals in goods of that description (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be merchantable quality."

In the leading case of Ryan v. Progressive Grocery Stores, 1931, 255 N.Y. 388, 175 N.E. 105, 74 A.L.R. 339, Judge Cardozo pointed out that while the Sales Act excludes a warranty of fitness for a particular purpose when the purchase is by brand name, it does not exclude a warranty of merchantability under such circumstances.[1] There are instances when the warranties are distinct. As we stated in Mars v. Herman, D.C.Mun.App.1944,

37 A.2d 351, 354, "merchantable" generally means "fitness for the customary use of the article sold"; it does not require that

" * * * the goods shall be of first quality or even that they shall be as good as the average of goods of the sort. * * * But if goods are sold as goods of a particular brand, they must be of such quality of that brand as is fairly salable, * * *."[2]

Thus, in some instances, a product may not be suitable for a particular purpose although in all other respects it is free from defects. On the other hand, there are times when the warranties are practically identical. The most common example of this situation is food:

" * * * As pointed out in Ryan v. Progressive Grocery Stores [citation], there are times when an implied warranty of fitness for a particular purpose has no relation to an implied warranty of merchantable quality; but in the case of foods, the distinction between the two warranties is unimportant, for whether or not there is an implied warranty that the goods are fit for the purpose of human consumption, there is an implied warranty that they are of merchantable quality; and food which is unfit for human consumption does not satisfy this warranty."[3]

■ It is our conclusion that the sale of a hair dye, such as the product here involved, by a retailer, even though under a brand name, carries with it a warranty of merchantability which, as in the case of food, is the equivalent of a warranty of fitness. The customary and expected purpose for which "Miss Clairol" would be used was for dyeing hair. The facts here show that appellant purchased "Miss Clairol" and used it for this purpose, and

1. See also the annotation, 135 A.L.R. 1393.

2. 1 Williston on Sales, § 243 (Rev.Ed. 1948).

3. Cushing v. Rodman, 1936, 65 App.D.C. 258, 82 F.2d 864, note 1, 104 A.L.R. 1023.

that it injured her, although prior use of the same product had been without harmful effect. We think these facts sufficient to raise an inference that an "unwholesome" condition of the hair dye caused the injury and thus that the warranty of merchantability was breached.[4]

Our decision does not imply that appellant will necessarily prevail at trial. We hold only that on the basis of the facts presently before us, it was error to grant summary judgment on the grounds that were advanced.

Reversed.

---

4. Cf. Botti v. Venice Grocery Co., 1941, 309 Mass. 450, 35 N.E.2d 491, 135 A.L.R. 1387.