Edward' Gr. Baker, J.
This action was brought to recover damages for personal injuries allegedly sustained by plaintiff, Filomena Lore, as a result of having eaten a piece of salami in which was imbedded a sharp fragment of bone. The salami had been manufactured by defendant, Armour and Company, and had been sold to said plaintiff by defendant, De Simone Bros., a retail butcher. The complaint stated three causes of action, the first, against the retailer for breach of implied warranty of fitness for human consumption; the second, against both defendants for negligence, and the third against both defendants in behalf of the husband of said plaintiff, for loss of services and medical expenses.
The salami was purchased on May 4, 1956. On May 9, 1956, while eating a piece of the salami, which had been sliced by plaintiff from the whole, a sharp flat piece of bone approximately one half to three quarters of an inch in diameter, which was imbedded therein, pierced plaintiff’s upper right palate. The laceration was severe and the injury resulted in the loss of three upper right molars. There was swelling and some infection in the region of the injury which required incision of the gum and the insertion of a drain.
The evidence supports plaintiffs’ claim that osteomyelitis developed in the maxilla, but this, by the testimony of her own expert, was not extensive, and has long since cleared up. For several months following the injury, plaintiff suffered intense pain. However, the credible evidence indicates that, except for some discomfort when using a dental plate, she has completely recovered from the injury.
With respect to the claim against defendant, Armour and Company, plaintiffs have failed to sustain their burden of proof. The evidence is insufficient to support a finding that this defendant failed to exercise reasonable care in connection with the manufacture or processing of the product. As to the defendant, De Simone Bros., it seems to me clear that there was established a breach of implied warranty of fitness for human consumption and that this breach was the producing cause of plaintiff’s injury.
This is not a situation where the ingredient or substance causing the injury is natural to the product, and where a consumer of the product might be expected to anticipate the presence of the substance in the food. It cannot be said that the fragment of bone which was the cause of plaintiff’s injuries *176 is natural to a product composed of finely ground and processed meat encased in a skin, or that a consumer who eats such a product ought to anticipate and be on his guard against the presence of bone. (Cf. Mix v. Ingersoll Candy Co., 6 Cal. 2d 674; Silva v. Woolworth Co., 28 Cal. App. 2d 649; Davison-Paxon Co. v. Archer, 91 Ga. App. 131; Goodwin v. Country Club of Peoria, 323 Ill. App. 1; Shapiro v. Hotel Statler Corp., 132 F. Supp. 891.)
For the injuries sustained and the pain and suffering resulting therefrom, judgment will be directed in favor of the plaintiff, Filomena Lore, against the defendant, De Simone Bros., in the sum of $5,000. Her complaint is dismissed as to defendant, Armour and Company. The complaint of Frank Lore is dismissed as to both defendants (see Gimenez v. Great Atlantic & Pacific Tea Co., 264 N. Y. 390, 393, 394.
Judgment accordingly.