*Northern District*

No. 5424

**ANNA POKRANT**

v.

**GERTRUDE A. HORRIGAN**

(August 8, 1960)

*Present:* Gadsby, P. J., Eno & Northrup, JJ.

Case tried to *Duggan, J.,* in the District Court of Peabody. No. 21178 of 1959.

*Gadsby, P. J.* The defendant demurred to the amended declaration of the plaintiff, which demurrer was over-ruled by the trial judge. The defendant also filed certain requests for rulings of law, which were denied by the trial judge on the basis that the only issue before the Court was whether the plaintiff's amended declaration showed a cause of action.

The trial judge directed that the defend-

ant file a draft report within fifteen days of his finding in compliance with Rule 29 of the District Courts. (1952).

█ The question before the Appellate Division is whether we have the matter before us on a report by the defendant or whether we have a report of an interlocutory matter by the trial judge. If the report be regarded as the usual type of report, then it would be prematurely before this Division, since no final decision was made. If, however, it is regarded as a voluntary report by the trial judge of an interlocutory matter, then it is properly before us. There is no need under these circumstances to await a final decision.

█ The authority of the judge to report an interlocutory matter is contained in G. L. (Ter. Ed.) c. 231, §108, and is amplified under Rule 29 of the District Courts. (1952). Such a report should be accompanied by a certificate of the judge that the matter so affects the merits of the controversy that it ought in justice to be determined by the Appellate Division before further proceedings are had. *Real Property Co., Inc., v. Pitt,* 230 Mass. 526 at 527.

There is no such certificate in this case. On the other hand, the judge does refer to a report under Rule 29, thus indicating he seems to regard it as a report of a voluntary matter. The plaintiff himself however, in a motion to dismiss the report, refers to said report as the defendant's report and does not refer to it as

voluntary report by the trial judge of an interlocutory matter.

We are of opinion therefore, that in view of this confusing situation, that the case should be remanded to the trial judge for clarification as to what type of report was intended to be made.

It is therefore so ordered that the case be remanded to the trial judge in accordance with this opinion.

Everett H. Borofski of Lynn, for the Plaintiff, submitted brief.