**Philip R. HOCHBERG, Appellant,**

v.

**O'DONNELL'S RESTAURANT, INC., Appellee.**

**No. 5322.**

District of Columbia Court of Appeals.

Argued Oct. 12, 1970.

Decided Jan. 27, 1971.

Philip R. Hochberg, pro se.

Thomas M. Hogan, with whom Charles E. Pledger, Jr., Washington D. C., was on the brief, for appellee.

Before GALLAGHER and NEBEKER, Associate Judges, and QUINN, Associate Judge, Retired.

GALLAGHER, Associate Judge:

This is an appeal from a directed verdict in favor of the defendant at the conclusion of the plaintiff's case in an action for damage to a tooth caused in chewing an olive which had been in a martini cocktail purchased in defendant's restaurant. The complaint alleged a cause of action against O'Donnell's Restaurant for negligence and breach of implied warranty. The restaurant brought a third-party action against Hale Friedenberg, t/a My-Own Food Products, from whom the restaurant had purchased the olive. The latter in turn filed a fourth-party action for indemnity against Vita-Food Products, Inc., from whom the third-party defendant had purchased the olive.

The facts are undisputed, being contained in an approved "Agreed Statement on Appeal" filed under Rule 25 of this court. Appellant went to trial on the theories of negligence and breach of implied warranty. It there developed that appellant ordered a vodka martini at appellee's restaurant, located in Bethesda, Maryland, and during the course of drinking it took the olive from the drink with his fingers, *saw a hole cut in the end of the olive,* and placed it in his mouth. He then bit down, uttered an exclamation, and explained to his dinner partners that he had broken a tooth on an olive pit. The restaurant manager was called to the table and shown part of the tooth and the olive pit. After testimony concerning treatment of the broken tooth and damages incurred, appellant rested and argument was heard on appellee's motion for a directed verdict on the negligence count, which was granted. Appellee next moved for a directed verdict on the implied warranty count on the ground that appellant failed to establish a prima facie case of breach of implied warranty as he failed to establish a necessary element, namely, that the food served was "unwholesome or contained foreign matter" as required by Cushing v. Rodman, 65 App.D.C. 258, 82 F.2d 864 (1936). The restaurant further contended that recovery should be denied where a food dish contains an object that is "naturally a part of or associated with the type of food in which it is found." The court granted a directed verdict on the implied warranty count. No further evidence was heard and judgments were later entered in favor of Friedenberg on the third-party action and to Vita-Food Products, Inc., on the fourth-party action.[1] Appellant later filed a motion for Reconsideration and New Trial, which was denied.

Appellant contends that under local law the trial court erred in directing a verdict for the defendant-appellee at the close of the plaintiff's case.[2] It is apparent that we have before us the question of what test should be applied under the doctrine of implied warranty [3] where an injury is incurred by a patron from an object in food served him in a restaurant. Under the "Uniform Commercial Code—Sales" (effective January 1, 1965), D.C.Code 1967, § 28:2–101 et seq., there is an implied warranty that food sold and consumed on a premises or elsewhere is "fit for the ordinary purposes for which such goods are used." D.C.Code 1967, § 28:2–314. Even prior to this statute, this jurisdiction invoked the implied warranty doctrine where there was an injury as the result of food or drink consumed in a restaurant. In so doing, the test has been whether the food was wholesome and fit

---

1. The restaurant filed an appeal in its suit against third-party defendant Friedenberg, so as to preserve its rights against him. This was stayed pending the outcome of this appeal.

2. Appellant also argues that since the incident occurred in Maryland the law of that state should have been applied on his claim of breach of implied warranty. Appellant did not unveil this proposition until after the trial in his motion for a new trial, a late stage for this assertion. In any event, there is no need to reach this contention in view of our disposition of the case.

3. Appellant has apparently abandoned on appeal the negligence charge in his complaint.

for human consumption, and contained no foreign or deleterious substance. Cushing v. Rodman, *supra*; Benjamin v. Hot Shoppes, Inc., D.C.Mun.App., 185 A.2d 512 (1962); Lohse v. Coffey, D.C.Mun.App., 32 A.2d 258 (1943).

Both parties agree there is a split in the authorities throughout the country as to what test should be applied where an injury is suffered from an object in food or drink consumed in a restaurant. Some courts hold there is no breach of implied warranty on the part of a restaurant[4] if the object in the food causing the injury was "natural" to the food served. On the other hand, if the object was "foreign" to the food there may be a recovery. *See, e. g.,* Mix v. Ingersoll Candy Co., 6 Cal.2d 674, 59 P.2d 144 (1936); Silva v. F. W. Woolworth Co., 28 Cal.App.2d 649, 83 P.2d 76 (1938); Goodwin v. Country Club of Peoria, 323 Ill.App. 1, 54 N.E.2d 612 (1944); Musso v. Picadilly Cafeterias, Inc., 178 So.2d 421 (La.App.1965); Adams v. Great Atlantic and Pacific Tea Co., 251 N.C. 565, 112 S.E.2d 92 (1960). *See also* cases collected at Annots., 77 A.L.R.2d 7 (1961) and 7 A.L.R.2d 1027 (1949). This has come to be known as the "foreign-natural" test.

On the other side are authorities which hold that under modern conditions[5] the test is—what should reasonably be expected by the consumer to be in the food served to him. *See, e.g.,* Betehia v. Cape Cod Corp., 10 Wis.2d 323, 103 N.W.2d 64 (1960); Bryer v. Rath Packing Co., 221 Md. 105, 156 A.2d 442 (1959);[6] Bonenberger v. Pittsburgh Mercantile Co., 345 Pa. 559, 28 A.2d 913 (1942); Wood v. Waldorf System, Inc., 79 R.I. 1, 83 A.2d 90 (1951). *See also,* Ezer, The Impact of the Uniform Commercial Code on the California Law of Sales Warranties, 8 U.C.L.A. L.Rev. 281 (1961). This is known as the "reasonable expectation" test.

Appellee asserts that under local law appellant failed to prove a necessary element, namely, that the food he was served was unwholesome or contained foreign matter; and that the sole issue before the trial court was whether a pit in an olive renders the olive unwholesome and unfit for human consumption. Appellant, on the other hand, casts the issue differently. He asserts it as being "whether the jury should have been allowed to decide the reasonableness of his action in assuming the apparently-pitted olive was fit for human consumption."[7]

We are not aware of any appellate decision in this jurisdiction, and counsel cite none, which involved an injury caused by food served in a restaurant containing an object which was natural to it, such as a chicken bone in a chicken sandwich or in chicken chow mein. Consequently, we consider the question before us as one of first impression.

We think the better view in cases involving injury from an object in food served in a restaurant is to apply the reasonable expectation test rather than restrict it, as the trial court did, to whether the food is wholesome (untainted) or contained a foreign substance.

It is no doubt sound that a person should recover if he suffered injury from un-

4. It will be recalled that here appellant sued only the restaurant and not the supplier, who was sued separately by the restaurant, and who in turn sued the distributor.

5. Where, for example, packaged food is fast predominating, much to the regret of many palates.

6. While this case involved a suit against a packing company for negligence, we do not regard this as material if only because of the limited purpose for which we cite it here.

7. While it does not appear in the record before us, both parties in their briefs assert that the trial court decided as a matter of law that a pit in an olive could not render the olive unwholesome and unfit for human consumption, and therefore directed the verdict.

wholesome (tainted) oysters, Picard v. Smith, 59 App.D.C. 291, 40 F.2d 803 (1930), or because of a foreign object (a pebble) in a roll. Cushing v. Rodman, *supra*. But we do not read these cases as holding that only these tests should be applied if a person is injured by an object natural to the food served.

In our view it is unrealistic to deny recovery *as a matter of law* if, for example, a person is injured from a chicken bone while eating a sliced chicken sandwich in a restaurant, simply because the bone is natural to chicken. The exposure to injury is not much different than if a sliver of glass were there. "Naturalness of the substance to any ingredients in the food served is important only in determining whether the consumer may reasonably expect to find such substance in the particular type of dish or style of food served." Betehia v. Cape Cod Corp., *supra*, 10 Wis.2d at 328, 103 N.W.2d at 67. Because a substance is natural to a product in one stage of preparation does not mean necessarily that it will be reasonably anticipated by the consumer in the final product served. *Id.*, 10 Wis.2d at 332, 103 N.W.2d at 69. *See also* Note, Implied Warranty and the Sale of Restaurant Food, 63 W.Va.L.Rev. 326 (1961). It is a different matter if one is injured by a bone while eating a chicken leg or a steak or a whole baked fish. There, it may well be held as a matter of law that the consumer should reasonably expect to find a bone.

■ Turning to the facts of this case, it appears the crucial consideration for the purpose of this review is that appellant saw the hole in one end of an olive and therefore assumed it had been pitted, chewed the olive and injured his tooth on the pit. He concedes that if he had not seen the hole in the olive his case would be "extremely tenuous." This narrows the problem to whether on these facts he was reasonably justified in expecting there was no pit in the olive and could chew without care. "What is to be reasonably expected by the consumer is a jury question in most cases. * * *" Betehia v. Cape Cod Corp., *supra*, 10 Wis.2d at 332, 103 N.W.2d at 69. Appellant admits that a fact finder might conclude that he should have exercised greater care in chewing the olive. But he argues he was entitled to have the jury resolve the issue.

We think the question of what appellant was reasonably justified in expecting was properly a jury question here. In so holding, we do not mean to "imply that appellant will necessarily prevail at trial." Brennan v. Shepherd Park Pharmacy, Inc., D.C.Mun.App., 138 A.2d 494, 496 (1958). We simply hold that, viewing appellant's evidence in its strongest light and giving it the benefit of all reasonable inferences, as we must, the question should have been submitted to the jury. Upon retrial, the fundamental question to be resolved by the fact finder on liability under implied warranty is whether, under the circumstances presented, appellant acted in a reasonable fashion in chewing the olive with the expectation that it contained no pit.

Reversed and remanded for a new trial.