Per Curiam.

In this action based upon negligence and breach of warranty of fitness, the plaintiff testified that her tooth was injured when she bit into a ‘ ‘ nutted cheese ’ ’ sandwich that contained a large, hard walnut shell, which shell was immediately turned over to defendant. Upon appeal, the defendant only raises two issues. First of all, an issue is raised as to whether the complaint should have been dismissed on the ground that the piece of walnut shell did not render the sandwich unfit for human consumption. Secondly, a question is presented as to whether the trial court erred in directing a verdict for plaintiff on both causes of action, warranting a reversal and a new trial.
With regard to the first issue, this tribunal now adopts the ‘ ‘ reasonable expectation ’ ’ doctrine. Under this doctrine, a plaintiff can recover for breach of implied warranty of fitness (Uniform Commercial Code, § 2-315) if it is found that the natural substance was not to be reasonably anticipated to be in the food, as served. As applied to an action for common-law negligence, the “reasonable expectation ” test requires a restaurant owner to use ordinary care to remove from the food, as served, such harmful substance as the consumer would not ordinarily anticipate. This concept is in keeping with the rationale as expounded in the case of Zabner v. Howard Johnson’s, Inc., 201 So. 2d 824 [Fla., 1967; walnut in walnut ice cream]; (Gimenez v. Great Atlantic and Pacific Tea Co., 264 N. Y. 390 [1934; struvite in shrimp]; O’Hare v. Petersen, 174 Misc. 481 [1940; struvite in shrimp]; Lore v. De Simone Bros., 12 Misc 2d 174 [1958; bone fragment in salami]; Varone v. Calarco, 22 Misc 2d 1085 [1960; struvite in canned tuna fish]).
Accordingly, under the “reasonable expectation” test, a prima facie case was delineated under both causes of action. Consequently, the trial court was correct in not dismissing the complaint.
With reference to the second issue, cognizance must be taken of the fact that the defendant had the opportunity but did not call anyone to refute plaintiff’s contention as to the events of the accident, but on the contrary the witness called by the defendant confirmed plaintiff’s version.
We do not question that normally the recognized rule is that the- credibility of interested witnesses, even though their testimony be uncontroverted, when contradiction is impossible and its truthfulness or accuracy is open to a reasonable doubt, is exclusively for the jury (Mercatante v. City of New York, 286 App. Div. 265, 268 [1st Dept., 1955]). The more delicate sub- *555 issue thus presented is whether in this case plaintiff’s uncontroverted testimony, when considered with the ordinary inferences to be drawn from the remainder of this particular record, and the small amount of the verdict ($575), is sufficient to warrant a reversal and a new trial notwithstanding the direction of a verdict on liability. We think not. The error did not result in prejudice to the defendant and .may be disregarded (CPLB 2002).