Dorothy L. WILLIAMS, Appellant,

v.

BRAUM ICE CREAM STORES, INC.,
a corporation, Appellee.

No. 47140.

Court of Appeals of Oklahoma.

Dec. 10, 1974.

Rehearing Denied April 22, 1975.

Certiorari Denied March 14, 1975.

Released for Publication by Order of Court
of Appeals April 24, 1975.

Keller & Fernald, by Paul F. Fernald, Oklahoma City, for appellant.

Fenton, Fenton, Smith, Reneau & Moon, by Ronald L. Day, Oklahoma City, for appellee.

REYNOLDS, Judge:

Plaintiff-appellant brought this action against defendant-appellee for breach of implied warranty of merchantability. Defendant's Motion for Summary Judgment was granted. Plaintiff appeals from that ruling.

The trial court held that a cherry seed or pit found in ice cream made of natural

red cherry halves was a substance natural to such ice cream, and as a matter of law defendant was not liable for injuries resulting from such a natural substance.

The uncontroverted facts in the case show that plaintiff purchased a "cherry pecan" ice cream cone from defendant's retail store in Oklahoma City, Oklahoma, on November 5, 1972. Plaintiff ate a portion of the ice cream, and broke a tooth on a cherry pit contained in the ice cream. Plaintiff notified defendant of her injury and subsequently filed this action.

■ There is a division of authority as to the test to be applied where injury is suffered from an object in food or drink sold to be consumed on or off the premises. Some courts hold there is no breach of implied warranty on the part of a restaurant if the object in the food was "natural" to the food served. These jurisdictions recognize that the vendor is held to impliedly warrant the fitness of food, or that he may be liable in negligence in failing to use ordinary care in its preparation, but deny recovery as a matter of law when the substance found in the food is natural to the ingredients of the type of food served. This rule labeled the "Foreign-natural test" by many jurists, is predicated on the view that the practical difficulties of separation of ingredients in the course of food preparation (bones from meat or fish, seeds from fruit, and nutshell from the nut meat) is a matter of common knowledge. Under this natural theory, there may be a recovery only if the object is "foreign" to the food served. Mix v. Ingersoll Candy Co., 6 Cal.2d 674, 59 P.2d 144 (1936); Adams v. Great Atlantic and Pacific Tea Co., 251 N.C. 565, 112 S.E.2d 92 (1960); See also annotations in 77 A.L.R.2d 7 (1961); Silva v. F. W. Woolworth Co., 28 Cal.App.2d 649, 83 P.2d 76 (1938); Goodwin v. Country Club of Peoria, 323 Ill.App. 1, 54 N.E.2d 612 (1944); Musso v. Picadilly Cafeterias, Inc., 178 So.2d 421 (La.App.1965). How far can the "Foreign-natural test" be expanded?

How many bones from meat or fish, seeds from fruit, nut shells from the nut meats or other natural indigestible substances are unacceptable under the "Foreign-natural test"?

The other line of authorities hold that the test to be applied is what should "reasonably be expected" by a customer in the food sold to him. Betehia v. Cape Cod Corp., 10 Wis.2d 323, 103 N.W.2d 64 (1960); Ray v. Deas, 112 Ga.App. 191, 144 S.E.2d 468 (1965); Zabner v. Howard Johnson's Incorp., 201 So.2d 824 (Fla.App. 1967); Hochberg v. O'Donnell's Restaurant, Inc., 272 A.2d 846 (D.C.App.1971); Bryer v. Rath Packing Co., 221 Md. 105, 156 A.2d 442 (1959); Bonenberger v. Pittsburgh Mercantile Co., 345 Pa. 559, 28 A.2d 913 (1942).

12A O.S.1971, § 2–314 provides in pertinent part as follows:

"(1) . . . a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

"(2) Goods to be merchantable must be at least such as

. . . . . .

"(c) are fit for the ordinary purposes for which such goods are used;
. . . ."

The defendant is an admitted "merchant." 12A O.S.1971, § 2–104(1).

In Zabner v. Howard Johnson's Incorp., 201 So.2d 824 at 826, the Court held:

"The 'Foreign-natural' test as applied as a matter of law by the trial court does not recommend itself to us as being logical or desirable. The reasoning applied in this test is fallacious because it assumes that all substances which are natural to the food in one stage or another of preparation are, in fact, anticipated by the average consumer in the final product served. . . .

"Categorizing a substance as foreign or natural may have some importance in determining the degree of negligence of the processor of food, but it is not determinative of what is unfit or harmful in fact for human consumption. A nutshell natural to nut meat can cause as much harm as a foreign substance, such as a pebble, piece of wire or glass. All are indigestible and likely to cause injury. Naturalness of the substance to any ingredients in the food served is important only in determining whether the consumer may reasonably expect to find such substance in the particular type of dish or style of food served."

The "reasonable expectation" test as applied to an action for breach of implied warranty is keyed to what is "reasonably" fit. If it is found that the pit of a cherry should be anticipated in cherry pecan ice cream and guarded against by the consumer, then the ice cream was reasonably fit under the implied warranty.

In some instances, objects which are "natural" to the type of food but which are generally not found in the style of the food as prepared, are held to be the equivalent of a foreign substance.

We are not aware of any appellate decision in Oklahoma dealing with this precise issue.

We hold that the better legal theory to be applied in such cases is the "reasonable expectation" theory, rather than the "naturalness" theory as applied by the trial court. What should be reasonably expected by the consumer is a jury question, and the question of whether plaintiff acted in a reasonable manner in eating the ice cream cone is also a fact question to be decided by the jury.

We reverse the granting of summary judgment in this case and remand the same to the District Court for proceedings not inconsistent with this opinion.

Reversed and remanded.

BOX, P. J., and ROMANG, J., concur.