This is an appeal from a summary judgment in favor of defendants in plaintiff's action for injury to her tooth and jaw she sustained while eating a chicken breast served by defendants. Plaintiff sued on the theory that defendants breached their implied warranty that their foods were clean, wholesome, free from harmful and injurious substances, and reasonably fit for human consumption. She argues that the court erred in granting summary judgment because the pleadings and affidavits present a scintilla of evidence to support her theory of recovery.
Virginia Mae Carl bought a chicken breast at a Colonel Dixie restaurant on July 3, 1981. She ate it by pulling the meat off in several pieces and placing it in her mouth. When she bit down on one such piece of meat, a hard substance broke one of her teeth and lodged in her jaw. She went immediately to a dentist, who removed the object but did not preserve it. Mrs. Carl testified in her deposition that she assumed the object was a bone, but she did not know.
She sued The Dixie Company, which owns and operates Colonel Dixie Restaurants, and Poultry Products Company, Inc., doing business as Jiffy June Poultry, which supplied the chicken to The Dixie Company. The Dixie Company and Poultry Products filed motions for summary judgment, arguing that under the rationale of Ex parte: Morrison's Cafeteria of Montgomery, Inc.,431 So.2d 975 (Ala. 1983), Mrs. Carl would not be entitled to recover under the facts as stated in her deposition.
Under the test set forth in Morrison's, if a person has a reasonable expectation of finding the injury-causing substance in the food, the seller does not breach his implied warranty that the food is fit for human consumption and not unreasonably dangerous. Mrs. Carl argues that she pulled the meat off the portion of the chicken breast where one does not ordinarily expect to find bones. This is too fine a line on which to base liability, at least in this *Page 961 
case, where Mrs. Carl has no evidence of what caused her injury.
One of the examples given in Morrison's of a food in which one reasonably expects to find bones was a chicken leg. A chicken breast has more bones than a chicken leg. To premise liability upon the fact that Mrs. Carl found a bone in a portion of the breast where she did not expect to find one would be to make The Dixie Company and Poultry Products insurers of the products they sell. This Court explicitly rejected that position in Morrison's.
For the reasons stated, the judgment of the circuit court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.