MICHAEL J. PHILLIPS vs. TOWN OF WEST SPRINGFIELD.

Hampden.   April 5, 1989. — July 17, 1989.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Food. Sale, Warranty. Uniform Commercial Code, Warranty.*

This court expressed the view that the so-called "reasonable expectations" test rather than the "foreign substance-natural substance" test is the appropriate one to apply in determining liability for breach of warranty of merchantability under G.L. c. 106, § 2-314 (2) (*c*), by reason of a bone or other substance in food that caused harm to a consumer. [412-413]

A warranty action arising from a high school student's biting into a cube of white turkey meat and sustaining injuries to his esophagus from "a small, 1½ inch hooked bone" while eating in the school cafeteria was remanded for a determination by the trial judge of what the reasonable expectations of an ordinary high school student would be concerning the likely presence of a bone in this meal. [413-414]

CIVIL ACTION commenced in the Superior Court Department on December 10, 1986.

The case was heard by *Constance M. Sweeney*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Terrence A. Low* for the plaintiff.

*James T. Donahue*, Town Counsel, for the defendant.

WILKINS, J. Twenty-five years ago Justice Reardon wrote for this court a much cited opinion holding that a restaurant was not liable for breach of warranty under G.L. c. 106, § 2-314 (2) (*c*), for injuries caused by a fish bone in fish chowder. *Webster* v. *Blue Ship Tea Room, Inc.*, 347 Mass. 421 (1964). In this appeal, which we transferred here on our own motion, we decide a somewhat similar case. This one involves not a fish bone in fish chowder served in a quaint restaurant on a wharf overlooking Boston Harbor, but rather a turkey bone in a bite-sized cube of white turkey meat ladled, along

with gravy and peas, onto a mound of mashed potatoes in a high school cafeteria in West Springfield. The plaintiff, a high school senior, bit into one of the turkey cubes, felt something in his throat, and after some effort expelled "a small, 1½ inch hooked bone." He sustained injury to his esophagus and was hospitalized for four days.

The plaintiff argues that the judge, who heard the case without a jury, erred in deciding the breach of warranty claim against him because she applied the "foreign substance-natural substance" test rather than the consumer's "reasonable expectations" test. When the foreign substance-natural substance test is applied, there is no liability as a matter of law for breach of warranty if the injury-causing substance is natural to the food, and liability is automatic if the offending item is foreign to the food. See *Mix* v. *Ingersoll Candy Co.*, 6 Cal. 2d 674, 682 (1936); *Allen* v. *Grafton*, 170 Ohio St. 249, 252-257 (1960), and cases cited; 3 R.A. Anderson, Uniform Commercial Code § 2-314:183 to § 2-314:185 (1983 & Supp. 1988). The reasonable expectations test, on the other hand, considers whether the consumer reasonably should have expected to find the injury-causing substance in the food. See 3 A.M. Squillante & J.R. Fonseca, S. Williston on Sales § 18-10, at 103 (4th ed. 1974).

The reasonable expectations test has been generally recognized as preferable to the foreign substance-natural substance test.[1] The foreign substance-natural substance test exonerates a seller of food from liability for the lack of fitness of the food for ordinary purposes simply because the injury causing sub-

---

[1] See, e.g., *Yong Cha Hong* v. *Marriott Corp.*, 656 F. Supp. 445, 448 (D. Md. 1987); *Matthews* v. *Campbell Soup Co.*, 380 F. Supp. 1061, 1065 (S.D. Tex. 1974); *Ex parte Morrison's Cafeteria of Montgomery, Inc.*, 431 So. 2d 975, 978-979 (Ala. 1983); *Hochberg* v. *O'Donnell's Restaurant, Inc.*, 272 A.2d 846, 848-849 (D.C. 1971); *Zabner* v. *Howard Johnson's, Inc.*, 201 So. 2d 824, 826-827 (Fla. Dist. Ct. App. 1967); *Stark* v. *Chock Full O'Nuts*, 77 Misc. 2d 553, 554 (N.Y. Sup. Ct. 1974); *Williams* v. *Braum Ice Cream Stores, Inc.*, 534 P.2d 700, 702 (Okla. Ct. App. 1974); *Wood* v. *Waldorf Sys.*, 79 R.I. 1, 6 (1951); *Jeffries* v. *Clark's Restaurant Enter.*, 20 Wash. App. 428, 430 (1978); *Betehia* v. *Cape Cod Corp.*, 10 Wis. 2d 323, 331-332 (1960); 3 R.A. Anderson, Uniform Commercial Code § 2-314:185 (1983 & Supp. 1988).

stance was natural to the food. It fails to focus the seller's attention on the consumer's reasonable beliefs and to recognize that sellers may fairly be held responsible in some instances for natural substances in food that cause injury. This court's discussion in its *Webster* opinion focused on the reasonable expectations of a consumer of fish chowder and concluded, as a matter of law, that bones in fish chowder should reasonably be expected. *Webster* v. *Blue Ship Tea Room, Inc., supra* at 426. In our view, the reasonable expectations test is the appropriate one to apply in determining liability for breach of warranty of merchantability under G.L. 106, § 2-314 (2) (*c*), by reason of a bone or other substance in food that caused harm to a consumer.

We turn to the judge's findings and rulings. The judge found that "[t]he plaintiff reasonably expected that the turkey meat was boneless based on its being white meat, the fact that it was cut into bite size pieces and the manner in which it was served, i.e., ladled with gravy onto potatoes." She ruled as a matter of law, however, that the plaintiff had failed to prove that the defendant breached its warranty of merchantability. She noted that "[t]he bone in the turkey was not a foreign substance and did not render the meal unwholesome," citing the *Webster* case. She ruled further that "[t]he plaintiff as an ordinary consumer of the turkey meal should have reasonably expected the likelihood of a bone in the turkey meat," citing *Carl* v. *Dixie Co.*, 467 So.2d 960 (Ala. 1985).[2]

We disagree with the plaintiff's claim that the judge decided the case against him solely on the ground that a turkey bone in a piece of turkey is not a foreign substance. Her discussion of reasonable expectations would have been unnecessary if she had decided the case by applying the foreign substance-natural substance test.

---

[2] The *Carl* case involved a plaintiff who purchased an entire chicken breast and ate it by pulling the meat off in pieces. She was injured by what she thought was a bone. Her dentist had removed the offending object but had not saved it. The court denied recovery, holding, as a matter of law, that a consumer should have reasonably expected to find a bone, even if the plaintiff herself did not.

The trial judge's finding of fact that the plaintiff reasonably expected that the turkey meat was boneless contrasts with her ruling of law that an ordinary consumer of the turkey meal should have reasonably expected the likelihood of a bone in the turkey meat. The plaintiff's subjective expectations may not have been those of an ordinary objective consumer of the meal, and thus the judge's findings and rulings are not necessarily inconsistent. Her citation to the *Carl* case suggests that she may have made this distinction. On the other hand, the reasons she provided for the reasonableness of the plaintiff's expectation that there would be no bones (the bite size pieces of only white meat served on top of mashed potatoes) seem to be objective, and not subjective, criteria.

The plaintiff is entitled to a clarification of the judge's findings of fact and rulings of law. Although we recognize that in particular circumstances no consumer could reasonably expect not to find the injury-causing object and thus a directed verdict for a defendant would be proper, on the facts found in this case, the defendant was not entitled to prevail as a matter of law. The answer depends on what the reasonable expectations of an ordinary high school student would be concerning the likely presence of a bone in this meal.[3] As the trier of fact, the judge has not made and should make a finding on that dispositive question.

The judgment is vacated, and the case is remanded to the Superior Court for further consideration consistent with this opinion.[4]

*So ordered.*

---

[3] The pertinent reasonable expectations are those of the ordinary purchaser of the type who purchases the product in question. See Restatement (Second) of Torts § 402A comment i (1965). In particular circumstances, the special knowledge and experience of a plaintiff may have a bearing on the reasonableness of his expectations and his right to recover. See Rheingold, What are the Consumer's "Reasonable Expectations?", 22 Bus. Law 589, 593 & nn. 16 and 17.

[4] The defendant town argues that the plaintiff did not comply with the presentment requirement of G.L. c. 258, § 4 (1986 ed.). The trial judge found that on January 2, 1986, "the plaintiff gave notice of the incident and his injury to the West Springfield Board of Selectmen." The defendant has not shown, on the appellate record, that the plaintiff failed to prove a proper presentment.