OPINION OF THE COURT
Peter P. Rosato, J.
By way of motion to dismiss dated April 19, 1993, defendant Bumble Bee Seafood, Inc. moves to dismiss causes of action numbers one and three as set forth in the subject complaint alleging, respectively, (1) breach of implied warranty of merchantability and (2) a violation of Agriculture and Markets Law §§ 199-a and 200. Plaintiff has submitted an opposing affidavit dated June 24, 1993. Defendant has also submitted a reply affirmation dated July 1, 1993.
Plaintiff, in the instant complaint, alleges that he suffered dental injury, i.e., a broken tooth, when he bit down upon a tuna bone, approximately one-half inch in length, which was contained in a can of defendant’s tuna fish. Defendant, relying upon two cases from the California Supreme Court, Mix v Ingersoll Candy Co. (6 Cal 2d 674, 59 P2d 144, 148 [1936]), and Mexicali Rose v Superior Ct. (1 Cal 4th 617, 4 Cal Rptr 2d 145, 822 P2d 1292 [1992]), would have this court dismiss plaintiff’s first cause of action sounding in breach of implied warranty of merchantability under the so-called "foreign/natural” test, defendant’s argument being that a tuna bone is "natural” to tuna and that, therefore, plaintiff should have anticipated the presence of such a bone and thus should not recover upon any theory of breach of implied warranty.
Having reviewed the case law relied upon by both sides, this court is of the view that the proper test to be applied is not the "foreign/natural” test, but rather the "reasonable expectation” standard, whereby a breach of warranty is established "where the consumer is injured by conditions which he could not have reasonably anticipated to be present in the product purchased.” (See, Solow v Wellner, 150 Misc 2d 642, 650 [Civ Ct, NY County 1991, York, J.], citing Stark v Chock Full O’Nuts, 77 Misc 2d 553 [1974] [wherein the Appellate Term, First Department, expressly adopted the "reasonable *452 expectation” doctrine with respect to a claim of breach of an implied warranty of fitness]; see also, Vitiello v Captain Bill’s Rest, 191 AD2d 429 [2d Dept 1993] [wherein the "reasonable expectation” doctrine was applied with respect to common-law negligence].) Nor is plaintiff’s breach of implied warranty claim in any way precluded on the basis of lack of privity, given that plaintiff is claiming actual physical injury. (See, by way of contrast, Schiavone Constr. Co. v Elgood Mayo Corp., 81 AD2d 221, 228-229, revd 56 NY2d 667 [involving claims of economic loss only]; see also, by way of contrast, Courter v Dilbert Bros., 19 Misc 2d 935 [wherein the Appellate Term, Second Department, rejected a claim of breach of warranty in the absence of privity in 1959, well prior to the Court of Appeals landmark decision in Codling v Paglia, 32 NY2d 330 (1973)].) Accordingly, defendant’s motion to dismiss is denied insofar as plaintiff’s first cause of action alleging a breach of implied warranty of merchantability is concerned.
Turning then to defendant’s motion to dismiss plaintiff’s third cause of action wherein plaintiff alleges that the presence of a tuna bone in the subject can of tuna fish represents a violation of Agriculture and Markets Law §§ 199-a and 200. Agriculture and Markets Law § 199-a (1) provides as follows: "No person or persons, firm, association or corporation shall within this state manufacture, compound, brew, distill, produce, process, pack, transport, possess, sell, offer or expose for sale, or serve in any hotel, restaurant, eating house or other place of public entertainment any article of food which is adulterated or misbranded within the meaning of this article.”
Section 200 of the Agriculture and Markets Law goes on to provide that: "Food shall be deemed to be adulterated: 1. If it bears or contains any poisonous or deleterious substance which may render it injurious to health; but in case the substance is not an added substance such food shall not be considered adulterated under this subdivision if the quantity of such substance in such food does not ordinarily render it injurious to health.”
It is apparent to this court that the thrust and intent of these sections is to prohibit the sale of impure or contaminated products, and that said sections are not in fact aimed at the presence of foreign objects in the product. (See, i.e., Bourcheix v Willow Brook Dairy, 268 NY 1; Piazza v Fischer Baking Co., 197 Misc 418 [1950], affd 200 Misc 834.) Accordingly, defendant’s motion to dismiss cause of action number three is hereby granted.
*453 Finally, to the extent plaintiff, in his opposing affidavit, seeks permission to amend his complaint as to date, such request is denied at this time, without prejudice to plaintiff to renew same in the form of a proper notice of motion, if plaintiff be so advised.