Hurley, J.
The plaintiff claimed a report from the trial judge’s declaration of a mistrial and the award of attorney’s fees.
The plaintiff brought suit to recover damages pursuant to G.L.c. 90, §7N 1/4 and G.L.c. 93A After trial, which consumed all or part of two days, the plaintiff wrote a letter to the trial judge referring to certain facts that she considered “were very pertinent to this case.” No copy of this letter was sent to her attorney or to the attorney for the defendants. Sometime after receipt of this letter, the trial judge declared a mistrial “because of the unilateral contact by the plaintiff with the judge.” At the same time, the judge granted leave to the defendants to move for an assessment of costs and attorney’s fees. The defendants responded, a hearing was held and an attorney’s fee in the sum of $5,250 was awarded.
No judgment has entered in this case. The only review sought concerns the amount awarded for attorney’s fees. The plaintiff urges that only the amount of time actually engaged on the trial should be the measure of the award. The defendants, of course, disagree with that modest approach. Since the decision on the motion for attorney’s fees is interlocutory, appellate procedure is governed by Dist./Mun. Cts. R. Civ. P., Rule 64(d).[2] Report of such a ruling is discretionary with the judge. There is no certificate filed by the judge that his ruling on the motion for attorney’s fees so affects the merits of the controversy that it should be determined before further proceedings occur. Pokrant v. Horrigan, 20 Mass. App. Dec. 1 (1960). The party aggrieved by the interlocutory ruling has no right to obtain appellate review in the Appellate Division. Quint v. Moffie, 1987 Mass. App. Div. 133.
We dismiss the report. The case appears on the trial list in the Wrentham Division. Since the matter may be reviewed in the future after judgment has entered, *30 the trial judge may consider whether further hearings on the motion may be advisable and whether any payments pursuant to his ruling ought to be stayed pending trial.

This appeal is not subject to Dist./Mun. Cts. R. A. D. A. which became effective July 1, 1994 since the ruling on the motion was made prior to that date.