Rutberg, J.
Plaintiff/appellant [hereinafter “plaintiff’] filed this appeal pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C, requesting review of the trial court’s allowance of defendant/appellee Bumble Bee Seafoods, Inc.’s [hereinafter “Bumble Bee”] motion for summary judgment. Plaintiffs notice of appeal also requests review of the trial court’s purported failure to enter a default against defendant/ appellee Canteen Corporation.
The record before us presents no appealable issue regarding plaintiff’s claim against Canteen Corporation, as there is no evidence in the record that service of plaintiff’s amended complaint upon Canteen Corporation occurred more than twenty days prior to the filing of Canteen Corporation’s answer. Furthermore, this portion of plaintiff’s appeal is interlocutory in nature, and interlocutory appeals to this Court may only come from a report of the trial judge; and, the trial judge has not filed such a report. G.L.c. 231, §108; see also Patrick v. Mikolaitis, 22 Mass. App. Dec. 167 (App. Div. 1961); Pokrant v. Horrigan, 20 Mass. App. Dec. 1 (App. Div. 1960). Therefore, plaintiff’s appeal of the trial court’s action regarding the disposition of his case against Canteen Corporation is affirmed.
As the trial court’s allowance of Bumble Bee’s motion for summary judgment constitutes a final judgment of that court, such action is appealable; and, it is prop *7 erly presented to us pursuant to Rule 8C. Summary judgment is to be granted if the pleadings and supporting documents “show that there is no genuine issue of as to any material fact. ...” Mass. R. Civ. R, Rule 56(c); see also Community National Bank v. Dawes, 369 Mass. 550 (1976).
The gravamen underlying plaintiff’s complaint is his assertion that two single serving cans of tuna which were produced by Bumble Bee and sold to plaintiff by Canteen Corporation contained small bones which lodged in plaintiff’s mouth. The complaint sounds in breach of warranty of merchantability, although it contains an oblique reference to negligence. The presence of a fish bone in canned tuna would breach the merchant’s warranty of merchantability if “the consumer reasonably should [not] have expected to find the injury-causing substance in the food....” Phillips v. West Springfield, 405 Mass. 411, 412 (1989) [citation of authority omitted]. However in the Phillips case, the Supreme Judicial Court went on to conclude that: “as a matter of law, bones in fish chowder should reasonably be expected.” Id. at 413, citing Webster v. Blue Ship Tea Room, Inc., 347 Mass. 421 (1964). As the Supreme Judicial Court has determined that as a matter of law consumers must reasonably expect to find fish bones in their chowder, we must find that as a matter of law consumers must reasonably expect to find small bones in canned tuna. Therefore, there are no material facts at issue on plaintiff’s claim arising out of the claimed breach of warranty of merchantability; and, the trial court was correct to grant Bumble Bee summary judgment on the portion of plaintiff’s case sounding in breach of warranty.
As noted above the entire thrust of plaintiff’s complaint and his brief sounds in warranty of merchantability, however, the penultimate numbered paragraph of the complaint alleges that defendants’ “total disregard for consumer safety amounted to negligent supervision” which allegedly caused plaintiff injury. While plaintiff’s unsupported assertion of negligence alone may not be sufficient to defeat a motion for summary judgment, Bumble Bee’s motion for summary judgment was unsupported by any documentation referenced in Mass. R Civ. R, Rule 56(c). As moving party, Bumble Bee’s
burden is not sustained by the mere filing of the summary judgment motion or by the filing of a motion together with a statement that the other party has produced no evidence that would prove a particular necessary element of this case. The motion must be supported by one or more of the materials listed in rule 56(c). ...” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 714 (1991).
Similarly, there is nothing in any of the documents properly presented to the trial court by plaintiff which might tend to support his allegation of negligence. For the reasons stated above, the presence of a small bone in canned tuna cannot be considered as res ipsa loquitur. As plaintiff would have the burden to present appropriate substantiation of his allegation of negligence in response to a properly supported motion for summary judgment, Bumble Bee may yet be entitled to summary judgment, notwithstanding our courts’ general reluctance to grant same against a claim sounding in negligence. Foley v. Matalewicz, 17 Mass. App. Ct. 1004 (1984).
It should also be noted that while plaintiff’s notice of appeal made no mention of the trial court’s denial of his motion to impose sanctions pursuant to Mass. R. Civ. R, Rule 11, upon Bumble Bee’s attorney, plaintiff did brief this issue and Bumble Bee responded in its brief.[1] Plaintiff’s request for sanctions is grounded upon his *8 contention that Bumble Bee’s attorney misrepresented the law to the trial judge in filing and arguing Bumble Bee’s motion for summary judgment. Without ruling on the sufficiency of the notice of appeal, we affirm the denial of plaintiff’s motion for sanctions. The granting of sanctions lies in the sound discretion of the trial judge, and the record contains nothing to indicate that the judge abused his discretion. Bird v. Bird, 24 Mass. App. Ct 362 (1987). To the contrary, both the trial judge and this Court have interpreted the law consistent with Bumble Bee’s counsel; therefore, plaintiff’s request for the imposition of sanctions is wholly misplaced.
The trial court’s allowance of Bumble Bee’s motion for summary judgment on the portion of plaintiff’s complaint which alleges negligence is remanded for fur-, ther proceedings consistent with this opinion; all other rulings of the trial court are affirmed.

 Dist./Mun. Cts. R. A. D. A, Rule 3, provides that: “The notice of appeal shall limit the scope of the appeal and shall contain: [inter alia] (2) a concise statement of the issues of law presented for review.”