DANIEL L. BURNS, JR. *vs.* McDONALD'S CORPORATION & another.[1] No. 11-P-718. February 6, 2012. *Food. Sale,* Warranty. *Uniform Commercial Code,* Warranty. *Negligence,* Causation.

Daniel L. Burns, Jr., appeals from an order of the Appellate Division of the District Court dismissing his appeal from a summary judgment issued by a judge of the District Court in favor of McDonald's Corporation and McDonald's Restaurants of Massachusetts, Inc. (collectively, McDonald's), on Burns's claims of negligence, breach of warranty, and violation of G. L. c. 93A. On appeal, Burns argues that the motion judge and the Appellate Division erred in concluding that Burns's claims failed as a matter of law because he could not identify either the hard object that he allegedly bit into while consuming a McDonald's cheeseburger, or the object's origin. We affirm.

Viewed in the light most favorable to Burns, the undisputed material facts

---

[1]McDonald's Restaurants of Massachusetts, Inc.

are these. On October 20, 2006, Burns bought a double cheeseburger at the drive-through window of a McDonald's restaurant located on Route 44 in Raynham. He began to eat the cheeseburger immediately. Upon entering Route 44 with cheeseburger in hand, Burns was almost involved in an accident and "pushed" the remaining one-third of the burger into his mouth so that he could grab the steering wheel of his vehicle. As Burns began to chew, he felt pain and noticed something "hard and bumpy," about the size of a pea, in his mouth. Burns did not know what the object was, because, although he felt it with his tongue, he never saw it. He spit the food in his mouth into a napkin but could not find the "something hard" and claims either to have swallowed or lost it during the traffic emergency. He did find something he believed "could have been chips of my own tooth" in the food on the napkin.

Burns later went to his dentist, who informed him that he had a "small chip" on the artificial surface of a tooth restoration that the dentist had performed a month earlier. Burns admitted that on that earlier occasion, a piece of the same tooth at issue here had simply "come off" while he was eating. The same tooth broke again in December, 2006, and developed an abscess requiring a root canal and crown. In opposing summary judgment, Burns submitted an affidavit from his dentist stating that it was "reasonable to assume" that "some sort of traumatic injury" on October 20, 2006, might have caused the fracture that led to the December abscess and subsequent dental surgery.

The motion judge did not err in granting summary judgment in favor of McDonald's. To prove his claim for breach of warranty under G. L. c. 106, § 2-314, and his related G. L. c. 93A claim, Burns was required to prove that (1) his cheeseburger contained an injury-causing object of which McDonald's was the source, and (2) a consumer would not reasonably have expected to find the object therein. See Webster v. *Blue Ship Tea Room, Inc.*, 347 Mass. 421, 423-427 (1964); *Phillips* v. *West Springfield*, 405 Mass. 411, 412-413 (1989). To prove his negligence claim, Burns was required to show that the acts and omissions of McDonald's, more likely than not, caused his injuries. See *Glidden* v. *Maglio*, 430 Mass. 694, 696 (2000); *Borden* v. *Betty Gibson Assocs., Inc.*, 31 Mass. App. Ct. 51, 55 (1991).

We agree with the reasoning of the motion judge and the Appellate Division, which, in turn, applied the reasoning of an unpublished memorandum and order of this court pursuant to our rule 1:28, *Cotter* v. *McDonald's Restaurants of Mass., Inc.*, 71 Mass. App. Ct. 1125 (2008). Burns cannot make the necessary showings on the facts of record here. Burns provided no basis upon which a trier of fact could infer, without impermissible speculation, that the offending object originated in the cheeseburger that McDonald's sold to him. Because Burns never saw the object, was unable to describe it in any detail, and could not determine what it was, Burns was ill-positioned to ask the jury to apply the reasonable expectations test. Compare *Phillips* v. *West Springfield*, *supra* at 414 (proper for trier of fact to apply the reasonable expectations test when plaintiff coughed up and clearly identified a one and one-half inch hooked turkey bone). Whether the alleged cause of injury was a foreign object in the cheeseburger, something inherent to the product such as gristle, or an object from within Burns's own mouth such as a piece of filling or piece of Burns's own tooth was entirely a matter of speculation. See *Cotter* v. *McDonald's Restaurants of Mass., Inc.*, *supra*. Nor could the speculative assertion

of Burns's dentist that Burns's injury "most likely" was caused by "some sort of traumatic injury to the tooth" on October 20 provide a basis for determining the nature of the offending object and whether it originated in the McDonald's product.

Absent any evidence that McDonald's sold Burns a "defective, dangerous and unsafe food" in breach of any warranty, or that the acts or omissions of McDonald's proximately caused his injuries, summary judgment was properly entered in favor of McDonald's. See *Lambert* v. *Fleet Natl. Bank*, 449 Mass. 119, 122-123 (2007).

*Decision and order of the Appellate Division affirmed.*

*Paul W. Patten* for the plaintiff.

*Richard J. Riley* for the defendants.