*Southern District*
### SANDRA S. WERNICK, ET AL
v.
### BOB WARE'S FOOD SHOPS, INC.

*Present*: Nash, P. J., Cox & Owen, JJ.

Case tried to *Colten, J.* in the Municipal Court of Brookline. No. 1254 of 1962.

*Cox, J.* In this action of tort or contract the plaintiff seeks damages for a broken tooth alleged to have been caused by biting on a

whole date pit in a date muffin which she had purchased from the defendant.

There was a finding for the plaintiff, the judge holding that the defendant was negligent in the preparation of the muffin. The decisive points raised by the defendant's requests which the judge denied are that the evidence neither warranted a finding that the defendant was negligent nor that there was a breach of warranty by it.

G. L. c. 94, §4, a penal statute, provides: "There shall not be used in bakery products or in the ingredients thereof any ingredient or material, including water, which is spoiled or contaminated or which may render the product unwholesome, unfit for food or injurious to health, nor shall there be used in any bakery product any ingredient likely to deceive the consumer or which lessens the nutritive value of such product unless the product is so labelled, branded or tagged, or has thereon a sign making plain to the purchaser or consumer the actual ingredients thereof . . ."

It has been held that the statute requires a manufacturer of bakery products, and this would include date muffins, to use "only pure and wholesome materials and such as would not be injurious to health . . ." The primary concern of the statute is to insure the wholesomeness of the finished product by the use of proper ingredients. It deals specifically with the ingredients as distinguished from the manufactured product. *Johnson v. Stoddard,* 310 Mass. 232, 237. The question is whether the date pit, which it could have

been found to be the cause of the plaintiff's injury, may be said to be an ingredient unwholesome and injurious to health.

■ The presence of the date pit in the muffin could have been found to be an ingredient which was injurious to health and a violation of the statute. It could be found that the violation was a proximate and contributing cause of the injury to the plaintiff and evidence of negligence on the defendant's part and that the injury was a consequence the statute was intended to prevent. *Kralik v. LeClair,* 315 Mass. 323, 326; *Sullivan v. Griffin,* 318 Mass. 359, 361.

There was other evidence of the defendant's negligence. The defendant's general manager testified that the dates were of Iranian or Syrian origin. They were bought from a Boston distributor as diced pitted dates, packaged in fifty pound compressed bundles. A bundle would last two or three months as the date muffins were made by the defendant only once or twice a week. The dates were not examined nor inspected for the possible presence of date pits after the defendant received them from the distributor; that there was no practical nor economical way to inspect or examine the dates for the presence of pits; that he, the manager, felt no necessity for such inspection as pitless dates were used and the pieces used were, in many instances, as large, and in some cases larger than a date pit.

■ The judge was warranted in concluding that the defendant was negligent in the

preparation of the muffin and that its negligence was the cause of the plaintiff's injury. It is apparent that an almost casual examination of the relatively small amount of dates used in each mix could have discovered the presence of the pit, effected its removal and prevented the injury.

> "The manufacturer of an article of food for human consumption owes a duty to the ultimate consumer to exercise care in its preparation and output in order that his product will not cause injury to the consumer, and the degree of care that must be exercised is commensurate with the danger to the life and health of the consumer that might probably result from the lack of such care."

*Johnson v. Stoddard,* 310 Mass. 232, 235 and cases there cited. The judge could find that the date pit could have been discovered and removed by reasonable inspection of the diced dates during the manufacture of the muffin. The defendant was the manufacturer of the muffins and was responsible for them.

█ The law holds the defendant, as a manufacturer of food, to a high degree of care because of the serious harm to consumers likely to be a consequence of its negligence. *Sullivan v. Manhattan Market Co.,* 251 Mass. 395, 396; *O'Brien v. Louis K. Liggett Co.,* 282 Mass. 438, 441, 442; *Flynn v. First National Stores, Inc.,* 296 Mass. 521.

█ Although the decision of the judge was based on the defendant's negligence, the case was fully tried as well on a breach of implied warranty. We therefore consider the

question of warranty. No issue is made of notice and the judge found that the plaintiff notified the bakery right away. *Taylor v. Jacobson,* 336 Mass. 709, 712.

In this commonwealth an action of contract as well as an action of tort may be maintained for breach of warranty. *Carolet Corp. v. Carfield,* 339 Mass. 75, 79.

The Uniform Commercial Code treats all food to be consumed on or off the premises where it is prepared under an implied warranty of merchantability. U.C.C., c. 106 (Sales) §2-314. Under the prior Uniform Sales Act food was warranted as fit for consumption. G. L. c. 106, §17(1). Under the provisions of §2-314 of the Code, the defendant as the merchant selling the muffins impliedly warranted that they were merchantable, that is, "(2)(c) fit for the ordinary purposes for which such goods are used;" and (2)(d) run, within variations permitted by agreement, "of even kind, quality and quantity within each unit and among all units involved." Thus, under the U.C.C. the warranty extended to every muffiin sold.

No case has come to our attention specifically involving a muffin containing a date pit which caused injury to a person eating it. However, we can be guided in part by a consideration of similar cases. At the outset it seems reasonable that while the presence of a date pit might be expected in a package of dates not sold as pitted dates, nevertheless a date pit in a muffin or, for that matter, in

a package of dates sold as pitted dates, presents a very different situation. In the latter case the presence of a pit would not be reasonably expected, and its presence as in the instant case, could prove as out of place and as harmful as a stone or pebble in baked beans. See *Friend v. Childs Dining Hall Co.,* 231 Mass. 65, 71-76; *Ward v. Great Atlantic & Pacific Tea Co.,* 231 Mass. 90-95. Similarly, a bone in a serving of chicken might fairly be said not to imply a warranty by the seller, while a bone in bottled chicken soup might reasonably be held to do so and to render the soup unmerchantable. See *Paolinelli v. Dainty Foods Mfg., Inc.,* 322 Ill. 586. (The defendant there held negligent.)

In short, it could be found that the presence in the muffin of a date pit which broke the tooth of the plaintiff while eating it, rendered the muffin unfit for consumption and unmerchantable. U.C.C. c. 106 (Sales) §2-314. *Friend v. Childs Dining Hall Co.,* 231 Mass. 65, 71 et seq; *Ward v. Great Atlantic & Pacific Tea Co.,* 231 Mass. 90. That the defendant did not know that the muffin was unfit is inconsequential in an action for breach of warranty. *Bianchi v. Denholm & McKay Co.,* 302 Mass. 469, 474.

As we see no reversible error an order should be entered dismissing the report.

Samuel H. Lewis, of Boston, for the Plaintiff.

Herritt J. Aldrich and Ralph C. Copeland, both of Boston, for the Defendant.