324 So.2d 568 (1975)
Nathan T. STICKER
v.
GENERAL FOODS CORP. et al.
No. 10452.
Court of Appeal of Louisiana, First Circuit.
November 24, 1975.
Rehearing Denied January 12, 1976.
Writ Refused February 17, 1976.
*569 L. Michael Cooper, Baton Rouge, for appellant.
Ron S. Macalusa, Hammond, for appellees.
Before LANDRY, COVINGTON and BARNETTE, JJ.
COVINGTON, Judge:
This is a suit by Nathan T. Sticker to recover damages from General Foods Corporation, manufacturer of Sanka Coffee, and Ernest Steadman, d/b/a Steadman's Grocery, seller of the jar of Sanka Coffee, which plaintiff alleged contained broken glass which caused him severe pain.
Defendant, Ernest Steadman, d/b/a Steadman's Grocery, was dismissed from this suit by judgment signed on June 14, 1974, after a hearing on his motion for summary judgment. Therefore, this action was prosecuted against General Foods Corporation alone.
After trial on the merits, the trial judge rendered judgment in favor of plaintiff ordering defendant to pay to plaintiff the sum of $5,000.00 with legal interest thereon from the date of judicial demand until paid and for all costs of the proceedings. From that judgment, defendants have taken this appeal. The defendant-appellant contends that the trial judge erred in holding that plaintiff-appelle proved by a preponderance of the evidence that defendant General Foods Corporation was negligent, or guilty of any other fault, and that the jar of Sanka Coffee contained glass at the time it left the possession of defendant. The appellant further contends that the trial judge erred in awarding damages in the amount of $5,000.00 when such an award, assuming liability, was grossly excessive considering the alleged injuries involved. The plaintiff-appellee has answered this appeal praying that the judgment of the trial court be affirmed and made the judgment of this court.
Appellant's first specification of error on the part of the trial judge is to the issue of liability. Appellant, in brief, directs his attack upon the proof submitted by appellee at the trial of this matter as being less than that proof which is required by law. Appellant, in arguing the issue of liability, points out that assuming that glass was in the coffee container when purchased, appellee did not establish that the glass was present due to a manufacturing defect or from some other form of negligence on the part of the manufacturer.
In McCauley v. Manda Brothers Provisions Co., 202 So.2d 492 (La.App.1st Cir., 1967), we held that:
"Louisiana cases relative to the liability of a manufacturer or processor of food products fall into a number of general categories. Probably the largest category of these cases cover food products which are sold in sealed containers, such as capped bottles or cans. Among those cases are . . . LeBlanc v. Louisiana Coca-Cola Bottling Co., 221 La. 919, 60 So.2d 873 (1952); Givens v. Baton Rouge Coca-Cola Bottling Co., 182 So.2d 532 (La.App.1st Cir., 1966)."
The Supreme Court, in the LeBlanc case, supra, based the liability of the manufacturer in such cases on implied warranty rather than negligence and required a *570 plaintiff to prove that he purchased the product in an apparently undisturbed container, that it contained a foreign substance, that the product was consumed and that an injury resulted therefrom. The practical effect of the above ruling is to impose strict liability on the manufacturer in such circumstances.
The test outlined above was approved by us in Reid v. Clearfield Cheese Company. Inc., 307 So.2d 115 (La.App.1st Cir., 1974).
In this case appellee testified that his wife purchased the coffee in an apparently undisturbed container, that it contained a foreign substance, that the product was consumed and that an injury resulted therefrom. We concede, after careful examination of the record, that the appellee's expert witness, Dr. Knesel, did not testify that the glass was in the coffee when purchased. This, it appears from appellant's brief, is the main thrust as regards the question of liability. We note, however, that no proof was offered to refute the allegations that the glass was in the coffee when purchased or manufactured.
The trial judge heard the testimony, he observed the witnesses, and was in a good position to fairly evaluate what he saw and heard. The ruling of the trial court, regarding questions of facts, will not be disturbed on appeal in the absence of manifest error, and no such error is found herein; Jayco Sales and Service, Inc., v. Smith, 303 So.2d 554 (La.App.1st Cir., 1974).
Appellant has alleged that the trial judge erred by awarding damages in the amount of $5,000.00 when such an award, assuming liability, was grossly excessive considering the injuries involved. We recognize the fact that a degree of uniformity of awards should be maintained; Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149. The amounts of awards granted or approved by the appellate courts are to be considered in light of prior cases which involve similar injuries; Kontomitras v. New Orleans Public Service, Inc., 314 So.2d 441 (La.App.4th Cir., 1975). We are mindful of our decision in Rodriguez v. Trebritz, 304 So.2d 396 (La.App.1st Cir., 1974), wherein we held that prior awards are merely an indication of value, and are not necessarily binding.
The trial judge did not give written reasons for judgment; therefore, we cannot tell the amount awarded for mental anguish and the amount awarded for physical suffering. It appears that the award is for general damages and the trier of fact is granted much discretion in such awards; Anderson v. Welding Testing Laboratiory, Inc., La., 304 So.2d 351 (1974).
However, taking cognizance of prior cases involving similar injuries we find: the plaintiff was awarded only $500.00 in Deris v. Finest Foods, Inc., d/b/a A & G Restaurants, 198 So.2d 412 (La.App. 4 Cir. 1967), although there was a period of considerable anxiety following the ingestion of a banana split containing pieces of glass; in Mushatt v. Page Milk Company, 262 So.2d 520 (La.App. 4 Cir. 1972), there was a $600.00 award for gastrointestinal disturbances which continued for several days after the plaintiff had consumed evaporated milk which contained solder pellets.
The testimony offered by the plaintiff is somewhat conflicting. However, viewing it most favorably to him, it shows that for the first two or three days of discomfort his diarrhea was rather mild. Then he began experiencing severe stomach cramps and a worsening of diarrhea. After about a week of this, on a Saturday, he first discovered rectal bleeding and on the next day his wife discovered the glass in the coffee.
A call was then made to the doctor, who requested that the plaintiff take an enema and report to the emergency room of the hospital, which plaintiff did, driving there alone and being there examined by a physician. The doctor did not testify, but his *571 report, offered in evidence, contained no evidence of rectal bleeding. The plaintiff was given a prescription and the doctor suggested that if relief was not obtained, he was to report back for X-ray. The plaintiff took the medicine and at the end of four days he was completely well.
The record also shows that the plaintiff lost no time from work. He testified that while he did report to work and lost no pay, he was nevertheless unable to perform his duties satisfactorily for approximately one week.
In view of the foregoing, we find that the award is manifestly excessive and reduce it to $1,500.00 for mental and physical suffering. Special damages of $9.39 were also incurred. Therefore, the judgment is amended to reduce the award, granting to the plaintiff-appellee the sum of $1,509.39, plus legal interest from date of judicial demand until paid and all costs incurred in the suit against the appellant.
Amended and, as amended, affirmed.