CHIASSON, Judge.
This is an appeal of a judgment of the District Court dismissing the suit brought by Luke Rouse, individually, and as administrator of his minor child, Leonard Rouse, and by Delores Rouse, plaintiffs-appellants, against George A. Hormel and Company, defendant-appellee.
On Sunday, October 3, 1971, Mrs. Rouse opened a can of Hormel Spiced Luncheon Meat, cut several slices of meat, and made sandwiches for the evening meal. While eating the sandwiches, the Rouses discovered a sliver of glass in the slice of meat being eaten by three year old Leonard Rouse. Leonard was eating only the luncheon meat. Several hours later the family became sick. The family was hospitalized for several days as a result of this illness. The appellants have brought this suit to recover for injuries suffered as a result of this illness.
The luncheon meat was tested by the Shilstone Testing Laboratory which confirmed that there was a sliver of glass in the product. However, the laboratory found no other glass or extraneous matter in the remaining meat nor were organisms of a food poisoning nature cultured from the product.
The general rule in Louisiana regarding liability for damages which result from the consumption of prepared foods is that the plaintiff must prove that the defendant’s product contained a deleterious substance, that the substance was consumed, and that as a result of the consumption, the plaintiff sustained an injury. LeBlanc v. Louisiana Coca Cola Bottling Co., 221 La. 919, 60 So.2d 873 (1952); Sticker v. General Foods Corp., La.App., 324 So.2d 568 (1st Cir. 1975).
The Trial Judge concluded that while the appellants established the presence of a sliver of glass in the luncheon meat and their illness, they failed to prove that their illness resulted from the consumption of the luncheon meat. This conclusion is supported by the fact that the only glass found in the luncheon meat was the single sliver discovered by the Rouses and by the expert medical testimony of Doctors Spedale and Pankey that there was no definite medical evidence that the appellants had consumed any glass. They testified that the appellants’ symptoms could have resulted from any one of several causes.
Because the appellants have failed to prove that the consumption of the defendant’s product was the cause in fact of their illness, the judgment of the District Court is affirmed. Cost to be paid by appellants.
AFFIRMED.