Welsh, P.J.
This is a civil action for damages resulting from injuries sustained when the plaintiff broke his tooth on a piece of crab shell while ingesting a crabmeat casserole at the defendant’s restaurant. The complaint contained counts alleging negligence in processing, inspecting and preparing the crabmeat and breach of implied warranties that the crabmeat casserole was safe, merchantable and fit for human consumption.
The defendant Town Lyne House, as well as the two defendants named as intermediate suppliers of the product,[2] received favorable action on their motions for summary judgment and the plaintiff claimed a report.
On or about January 1, 1980, the plaintiff, while a guest at a restaurant operated by the defendant Town Lyne House, Inc. purchased for immediate consumption a crabmeat casserole prepared by the defendant. While ingesting his meal, the plaintiff bit on a piece of crab shell which broke his upper right first molar tooth, resulting in dental expenses, loss of time and income from employment, as well as conscious pain and suffering.
The court allowed the motions for summary judgment, thus ruling, in effect, that there was no issue of material fact and that the facts required that there be a finding for the defendants.
We are of the opinion that the judge erred in allowing the defendants’ motion for summary judgment. We confine our discussion to the defendant Town Lyne House, Inc. since the appeal with respect to the other defendants is now moot.
1. The liability of sellers of food intended foT human consumption have long been recognized in Massachusetts. The absence of privity was no bar to relief. The liability extended both to cases where the food was unfit because of deleterious ingredients that were constituents of the food, as well as food that was rendered unfit because of the presence of “foreign” substances. Tonsman v. Greenglass, 248 Mass. 275, 277 (1924); Doyle v. Continental Baking Co., 262 Mass. 516, 518 (1928). The Uniform Sales Act and the cases decided under it recognized the existence of an implied warranty of fitness as to food served by a restaurant for immediate consumption. Friend v. Childs Dining Hall Co., 231 *127 Mass. 65 (1918); Smith v. Gerrish, 256 Mass. 183 (1926). The Uniform Commercial Code specifically recognizes that the serving for value of food or drink to be consumed either on or off the premises is subject to an implied warranty of merchantability. G.L.c. 106, § 2-314(1).
The applicability of an implied warranty of merchantability was recognized in an Appellate Division decision in a case strikingly similar to the casé at bar. In Wernick v. Bob Ware’s Food Shops, Inc., 27 Mass. App. Dec. 19 (1963), it was held that the presence of a date pit in a muffin sold by the defendant which resulted in a broken tooth of the plaintiff warranted a finding of negligence, either based upon the violation of a penal statute[3], or upon failure to inspect the dates which were ingredients in the muffins, or for breach of warranty of merchantability. G.L.c. 106 § 2-314(1). The court observed:
No case has come to our attention specifically involving a muffin containing a date pit which caused injury to a person eating it. However, we can be guided in part by a consideration of similar cases. At the outset, it seems reasonable that while the presence of a date pit might be expected in a package of dates not sold as pitted dates, nevertheless a date pit in a muffin or, for that matter, in a package of dates sold as pitted dates, presents a very different situation. In the latter case, the presence of a pit would not be reasonably expected, and its presence as in the instant case, would prove as out of place and as harmful as a stone or pebble in baked beans-(emphasis added.)Id., at 23, 24.
The court, in upholding the trial court’s award of damages to the plaintiff, concluded that the presence in the muffin of a date pit which broke the plaintiffs tooth rendered the muffin unfit for consumption and unmerchantable.
The Wernick case is congruent in all material particulars with the case sub judice. In upholding recovery, it applied the “reasonable expectations” test rather than the “foreign-natural” dichotomy later referred to in this opinion.
The defendant Town Lyne House, Inc. relies heavily upon the decision in the case of Webster v. Blue Ship Tea Room, Inc., 347 Mass. 421 (1964) as an impediment to the plaintiffs recovery in this case. In Webster, the Supreme Judicial Court held that as a matter of law the plaintiff who sustained a serious injury when she swallowed a fish bone contained in a serving of fish chowder prepared by the defendant restaurant was barred from recovery. As we read the Webster case, the decision does not depend upon, as the defendant contends, an espousal by the court of a rule which would preclude recovery if the material in the food which results in injury to the plaintiff is “natural” to the food, as opposed to “foreign.” The Webster opinion takes considerable pains to point out that it is a practical impossibility to insist that New England Fish Chowder, which is prepared with the bones of the fish as ingredients, be served without bones without changing the essential character, of the dish to an “ insipid broth. ’ ’ One who prepares or serves fish chowder is not required to reduce the pieces of fish *128 constituting it to miniscule size or to purée it to eliminate all possibility of a bone lurking in it.
Although the Webster opinion cites approvingly the case of Allen v. Grafton, 170 Ohio St. 249, which in turn cites Mix v. Ingersall Candy Co., 6 Cal. 2d 674 ) 1936), a leading case espousing the ‘ ‘ foreign-natural’ ’ dichotomy as the test for liability in situations of this sort, a careful reading does not support the view that Massachusetts has adopted the “foreign-natural” test. Indeed, the opinion is silent on the point. A result consistent with that rendered in Webster could be achieved by means ofthe “reasonable expectations” test. The opinion made much of the fact that the plaintiff was a New Englander who should expect to be wary of bones in fish chowder. Such an observation would be inapposite,, if the court were adopting the “foreign-natural” test; it is obviously pertinent in a “reasonable expectations” analysis.
In short, we are not disposed to rule in this case as a matter of law on the basis of a necessarily limited record presented by the allowance of the motion for summary judgment for the defendants either that (1) the defendant is shielded from liability solely because of some notion that since shells are conceived of as a “natural” constituent of a crab’s body, the presence of a portion of such a shell in a crab meat casserole[4] resulting in injury to the plaintiff cannot be found to violate the warranty of merchantability or to afford a basis for finding negligence on the part of the defendant, or (2) that the plaintiff was legally bound to anticipate such a hazard lurking in his crabmeat casserole, and that his failure to so anticipate bars his recovery. The forseeability of harm to the prospective consumer should be the focal point for analysis on the issue of liability, rather than the “naturalness” or affinity of the material causing injury to the food or dish being consumed.
A motion for summary judgment may be granted only if there is no genuine issue of material fact. Panesis v. Loyal Protective Life Ins. Co., 5 Mass. App. Ct. 66, 71 (1977). We conclude that there are genuine issues of material fact in at least three areas: (1) Whether or not the defendant was negligent in failing to inspect and remove the crab shell (the record does not indicate the size of the shell or whether reasonable steps might have detected it); (2) Did the presence of the crab shell in the circumstances constitute an actionable breach of warranty of merchantability, and (3) Whether or not the plaintiff acted unreasonably in failing to discover the presence of the crab shell before he bit into it.
The dismissal of this action as to the defendantTown Lyne House, Inc., based upon the allowance of its motion for summary judgment, is hereby vacated. The order granting summary judgment is reversed and the matter is remanded to the trial court for trial on the merits.

So ordered.

 Town Lyne House, Inc. and Nickerson International, Inc. filed motions for summary judgment; Ocean Venture, Inc. filed a motion to dismiss which was treated by the court as amotion for summary judgment. Rule 12(c), Mass. R. Civ. P.

 G.L. c. 94, §4 provides: “There shall not be used in bakery products or in the ingredients thereof any ingredient or material, including water, which is spoiled or contaminated or which may render the product unwholesome, unfit for food or injurious to health, nor shall there be used in any bakery product any ingredient likely to deceive the consumer or which lessens the nutritive value of such product unless the product is plainly so labelled, branded or tagged, or has thereon a sign making plain to the purchaser or consumer the actual ingredients thereof; provided, that in the case of unwrapped bread to be sold by the loaf such labelling, branding or tagging shall be placed upon the label required under section eight, showing the name of the manufacturer and the net weight of the loaf. Said ingredients and the sale and offering for sale of said products shall otherwise comply with sections one hundred and eighty-six to one hundred and ninety-five, inclusive.

 The “foreign-natural” test has not been without its critics. Zabner v. Howard Johnson's Inc., 201 S. 2d 824 (1967); Betehia v.Cape Cod Corp., 103 N.W. 2d 64, 67-70 (1960); O'Dell v. DeJean’s Packing Co., Inc., 585 P. 2d 399, 402 (1978).