478 So.2d 965 (1985)
Edith RIVIERE
v.
J.C. PENNEY COMPANY, INC. and Liberty Mutual Insurance Company.
No. 85-CA-355.
Court of Appeal of Louisiana, Fifth Circuit.
November 12, 1985.
Rehearing Denied December 17, 1985.
*966 Edward J. Norton, Jr., New Orleans, for plaintiff/appellant.
Kathleen W. Will, Metairie, for defendants/appellees.
Before CHEHARDY, BOWES and GRISBAUM, JJ.
BOWES, Judge.
Plaintiff appeals a judgment of the district court denying her claim for damages she sustained when she broke a tooth while dining at the restaurant in the Lakeside J.C. Penney store. We affirm the judgment of the trial court.
This lawsuit arises out of an incident which occurred in the restaurant of the J.C. Penney Store at Lakeside Shopping Center in Metairie, La., on May 12, 1983. Mrs. Edith Riviere and her sister entered the restaurant intending to have lunch. Mrs. Riviere ordered a hamburger club sandwich from the menu. The hamburger was dressed with bacon, lettuce and tomato and cut into four parts. Apparently on her first bit, appellant broke her first right bicuspid. Plaintiff believes that she broke her tooth on a piece of lean, crisp bacon. However, the testimony reveals that immediately following the incident both plaintiff and employees of J.C. Penney examined the sandwich, including the portion which had been masticated and disgorged, and could find nothing out of the ordinary in its ingredients and nothing to account for the accident. After reporting the incident, Mrs. Riviere and her sister left the restaurant.
In this appeal, plaintiff argues the following issues:
1. The court should have found defendant liable for causing plaintiff's tooth fracture.
2. The court should have allowed testimony regarding the availability of medical pay coverage afforded to Mrs. Riviere by Penney.
The leading case on the liability of a keeper of an establishment where food is sold to the public to be consumed on the premises is Musso v. Picadilly Cafeterias, Inc., 178 So.2d 421 (La.App. 1st Cir.1965) writs refused 248 La. 468, 179 So.2d 641. The "foreign-natural" test enunciated in Musso was recently commented on approvingly by our brothers in the Fourth Circuit where in Title v. Pontchartrain Hotel, 449 So.2d 677 (La.App. 4th Cir.1984), they stated:

Musso's approach to implied warranty of purveyors of food is a two-pronged one. If the harmful substance is foreign, the defendant is strictly liable and the analysis stops. If the substance is natural to the food, however, the analysis continues: the negligence of the defendant must be determined.
[...] Until the Louisiana Supreme Court issues a directive to the contrary, this court will continue to employ the "foreign-natural" test to determine liability in cases such as the one at bar.
We find the Fourth Circuit's reasoning sound and agree completely with our learned brothers on this issue.
However, before one even gets to application of the "foreign-natural" test, one must first demonstrate the presence of a damaging substance.
[1] The general rule in Louisiana regarding liability for damages which result from the consumption of prepared foods is that the plaintiff must prove that the defendant's product contained a deleterious substance, that the substance was consumed, and that as a result of the consumption, the plaintiff sustained an injury. LeBlanc v. Louisiana Coca *967 Cola Bottling Co., 221 La. 919, 60 So.2d 873 (1952); Sticker v. General Foods Corp., La.App., 324 So.2d 568 (1st Cir. 1975).

Rouse v. George A. Hormel & Co., 339 So.2d 1320 (La.App. 1st Cir.1976).
Evidence of a foreign substance must be introduced before strict liability will be applied or the presence of a natural deleterious substance must be proven before the negligence of the defendant becomes an issue. Plaintiff failed to meet her burden of proof under either theory of liability because she produced no physical evidence of a foreign or natural deleterious substance which could have caused her injury. She admitted that she failed to examine any part of the sandwich, chewed upon or not, for any deleterious material, because she was too upset; neither did her sister who was with her.
On the other hand, the testimony of the head cook is unequivocal that she examined the entire sandwich, piece by piece, including that portion which had been bitten into, and found nothing foreign or out of the ordinary that could have caused plaintiff's injury. The testimony of the security guard, though somewhat confusing, fairly preponderates to the effect that he did the same thing right in front of plaintiff. In addition, the testimony of the waitress tends to corroborate this evidence.
The trial judge in his reasons for judgment stated: "In the instant case, no physical evidence, direct or circumstantial, of a harmful substance, foreign or natural, was presented." He also said: "The food preparer went so far as to examine the remaining portion of the sandwich and the part that had been masticated and disgorged with the result that nothing was found which would account for the accident." The astute trial judge could certainly logically reach this conclusion from the testimony presented and we cannot say that he is erroneous in doing so.
We also find no error in the trial judge's ruling concerning the existence of a J.C. Penney insurance policy with Liberty Mutual containing medical payments coverage. First, plaintiff had not sought discovery of any such coverage before trial, and had not subpoenaed the insurance policy for trial. Additionally, the witness from whom plaintiff sought to elicit this information was a security guard with no firsthand knowledge of the insurance policy. Finally, this action by plaintiff was brought in tort, not in contract for medical payments insurance coverage. If plaintiff feels that she has an action for medical payments, she can still bring an action in contract.
Accordingly, the judgment of the district court is affirmed. Appellant is to bear all costs of this appeal.
AFFIRMED.