673 So.2d 1094 (1996)
Patricia J. MELADY
v.
WENDY'S OF NEW ORLEANS, INC., Keystone Convenience Co., Inc. Cigna, United States Fidelity & Guaranty Co., and McCarty Farms, Inc.
No. 95-CA-913.
Court of Appeal of Louisiana, Fifth Circuit.
April 16, 1996.
Writ Denied June 21, 1996.
*1096 Jan P. Jumonville, Metairie, for Defendants/Appellants, Keystone Convenience Company, Inc. d/b/a Wendy's of New Orleans, Inc., McCarty Farms, Inc. and United States Fidelity and Guaranty Company.
Robert H. Fray, Gretna, for Plaintiff/Appellee, Tricia J. Melady.
Before BOWES, WICKER, JJ., and CHIASSON, J. Pro Tem.
REMY CHIASSON, Judge Pro Tem.
Keystone Convenience Co., Inc., d/b/a Wendy's of New Orleans, Inc., hereafter Keystone/Wendy's, United States Fidelity and Guaranty Co., hereafter USF & G, and McCarty Farms, Inc., hereafter McCarty, suspensively appeal the trial court judgment in favor of Tricia J. Melady, in the amount of $7,000.00 plus legal interest and costs. For the reasons that follow, we reverse in part and affirm in part.
Plaintiff purchased a boneless chicken sandwich from Wendy's which contained a chicken bone. When she bit into the sandwich, the bone broke her tooth. She was treated by Dennis A. Russo, D.D.S. for injuries as a result of the broken tooth. Plaintiff sued Keystone/Wendy's, the seller of the sandwich, its insurer CIGNA, McCarty Farms, the manufacturer of the boneless chicken breasts, and its insurer, USF & G. Keystone/Wendy's filed a third party demand against McCarty and USF & G. By consent, the third party demand against McCarty was dismissed. USF & G remained a third party defendant. However, subsequent to the dismissal, the defense of all defendants on the principal demand was undertaken by the same counsel.
A bench trial was held on August 4, 23, and 24, 1994 after which judgment was rendered in favor of plaintiff and against Keystone/Wendy's. The trial court also rendered judgment "... over on the third party demand, in favor of [Keystone/Wendy's] and against third party defendant, [McCarty] and its insurer [USF & G] ..."
Keystone/Wendy's and USF & G moved for Judgment Not Withstanding the Verdict (JNOV) on grounds plaintiff failed to present a prima facie case and that McCarty was erroneously cast in judgment as it was not a party to the litigation, was not joined for purposes of trial and was not served when the matter proceeded. The JNOV was denied by judgment dated March 7, 1995. Keystone/Wendy's, McCarty and USF & G all suspensively appeal.
On appeal, defendants contend the trial court erred in denying "Keystone d/b/a Wendy's and McCarty's" motion for involuntary dismissal; in finding Keystone d/b/a Wendy's liable; and in rendering judgment against McCarty and USF & G on a third party demand that had been dismissed.
Concerning the first alleged error, the trial court properly denied the motion for *1097 involuntary dismissal because the motion was not made at the appropriate time. A motion for involuntary dismissal may be made at the close of plaintiff's case or at the close of all the evidence. It may not be made at points in between. Here, plaintiff allowed defendants to put on a witness out of turn, prior to resting her case-in-chief. Once a defense witness is taken out of turn, the motion can only be entertained at the close of all the evidence. See Blanchard v. Our Lady of the Lake Medical Center, 529 So.2d 1309 (La. App. 1st Cir.1988); Collett v. Branch, 516 So.2d 450 (La.App. 1st Cir.1987). Thus, the trial court properly denied the motion for involuntary dismissal.
Secondly, defendants contend the court erred in finding Keystone d/b/a Wendy's liable. The standard of appellate review was set forth by the Supreme Court in Rosell v. ESCO, 549 So.2d. 840, 844 (La.1989) and more recently restated in Lewis v. State Through Dept. Of Transp. and Development, 654 So.2d. 311, 94-2370 La. 4/21/95 (La.1995). In Lewis, the Supreme Court stated:
An appellate court may not set aside a trial court's or jury's findings of fact in absence of manifest error or unless it is clearly wrong. Stobart v. State, Through DOTD, 617 So.2d. 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989).
In Mart v. Hill, 505 So.2d. 1120 (La. 1987), this court stated the two-tier test for reversal on appellate review:
(1) [t]he appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
(2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
A reviewing court must do more than simply review the record for evidence which supports or controverts the trial court's findings. It must review the record in its entirety to determine whether the factfinder's (trial court) conclusions were reasonable.
Even when an appellate court may feel that its own evaluations are more reasonable than the factfinder's, reasonable determinations and inferences of fact should not be disturbed. Arceneaux v. Domingue, 365 So.2d. 1330 (La.1978). In Sistler v. Liberty Mut. Ins. Co., 558 So.2d. 1106 (La.1990) this court stated "the appellate court's disagreement with the trial court, alone, is not grounds for substituting its judgment for that of the trier of fact," citing Borden, Inc. v. Howard Trucking Co., Inc., 454 So.2d. 1081 (La.1983).
Additionally, a reviewing court must keep in mind that if a trial court's or jury's findings are reasonable based upon the entire record of evidence, an appellate court may not reverse said findings even if it is convinced that had it been sitting as trier of fact it would have weighed evidence differently. Housley v. Cerise, 579 So.2d. 973 (La.1991). In Stobart supra, it was stated that the basis for this well settled principle of review is grounded not only upon the trial court's better capacity to evaluate live witnesses, but also upon the proper allocation of trial and appellate functions between the respective courts. Where there are two permissive views of evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong.
Defendants contend the "foreign-natural" test is applicable to determine the liability of a seller of food where a substance in the food presents a potential danger to all persons. Simeon v. Doe, 618 So.2d 848 (La.1993); Johnson v. South Pacific Canning Co., 580 So.2d 556 (La.App. 1st Cir.1991); Riviere v. J.C. Penney Co., Inc., 478 So.2d 965 (La.App. 5th Cir.1985); Title v. Pontchartrain Hotel, 449 So.2d 677 (La.App. 4th Cir.1984), writ denied; Musso v. Picadilly Cafeteria, Inc., 178 So.2d 421 (La.App. 1st Cir.1965), writ refused.
Under the "foreign-natural test", if the harmful substance is foreign, the defendant is strictly liable, and the analysis stops. If the substance is natural to the food, then the negligence of the defendant must be determined. Johnson, supra; Riviere, supra; Title, supra; Musso, supra. A natural substance has been held to include instances where the product does not undergo *1098 the manufacturing process and an object with the potential to cause injury remains in the product. An example of this type of situation is the pearl in a fried oyster. Title, supra. However, when a product undergoes the manufacturing process and is marketed as a particular type of product, i.e., a can of tuna, a foreign substance is any substance not associated with that finished product. Thus, a "fish eye lens," although natural to a tuna fish, is not considered a "natural" object in a can of tuna meat. Johnson, supra. Likewise, we hold a piece of bone is a "foreign" object in a manufactured boneless chicken breast.
McCarty manufactured the boneless chicken breast and Keystone d/b/a Wendy's sold the boneless chicken breast sandwich to plaintiff. Prior to the dismissal of McCarty on the third party demand, McCarty filed pleadings acknowledging "receiv[ing] citation and service of the Petition for Damages ..." filed by plaintiff. Under the Louisiana Direct Action Statute, LSA-R.S. 22:655, plaintiff can proceed directly against McCarty's insurer, USF & G. Thus, Keystone d/b/a Wendy's, McCarty and McCarty's insurer, USF & G are strictly liable to plaintiff for her injuries. However, as plaintiff has not appealed, the judgment herein cannot be so amended to cast McCarty and USF & G in judgment.
In their final assignment of error, defendants contend the trial court erred in rendering judgment against McCarty and USF & G on a third party demand that had been dismissed. Keystone d/b/a Wendy's, McCarty and USF & G were made defendants in the action brought by plaintiff. The defense of these three defendants was undertaken by a single counsel. The motion and order of dismissal only dismissed McCarty, not USF & G. Thereafter, the matter proceeded to trial with notice and service on counsel of record for Keystone d/b/a Wendy's, McCarty and USF & G. Thus, the issue raised by the third party demand of Keystone d/b/a Wendy's against USF & G (if Keystone d/b/a Wendy's is liable to plaintiff, then McCarty's insurer USF & G is liable to Keystone d/b/a Wendy's) was before the court. Because McCarty provided Keystone d/b/a Wendy's with the chicken breast, the judgment accurately casts McCarty's insurer, USF & G, in judgment on the third party demand. However, because McCarty was dismissed as a third party defendant, that portion of the judgment finding McCarty liable to Keystone d/b/a Wendy's must be reversed. Accordingly, on the entire record before us, we cannot say the judgment on the third party demand in favor of Keystone d/b/a Wendy's and against USF & G was error.

DECREE
For the foregoing reasons, we reverse the judgment on the third party demand casting McCarty for judgment in favor of Keystone d/b/a Wendy's. In all other respects, the judgment is affirmed. All costs of this appeal are assessed against appellants.
REVERSED IN PART AND AFFIRMED IN PART.