Welsh, J.
This action sounds in tort for negligence and for breach of warranty of merchantability. G.L.c. 106, §2-314.
The plaintiff purchased a lemon chicken dinner at the defendant’s supermarket. The dinner contained a maraschino cherry used as a garnish. The maraschino cherry used contained a pit. The maraschino cherry was obtained from a distributor who was named as a third-party defendant by the supermarket. The maraschino cherry was sold as pitted. The plaintiff sought damages for the broken tooth caused by the pit.
The trial judge found for the plaintiff and awarded damages in the sum of $18,500 plus interest and costs. The judge declined to find for the defendant as third-party plaintiff. The defendant and third-party plaintiff appeals.
There was no error.
1. The evidence at trial supported the trial judge’s finding for the plaintiff against the supermarket. The trial judge was warranted in concluding that the plaintiff as a consumer of the “take out” meal might reasonably expect that the cherry used as a garnish would be free of pits. West Springfield v. Phillips, 405 Mass. 411, 412-413 (1989). A consumer expectations test relies on culturally defined, widely shared standards that food products ought to meet. RESTATEMENT, TORTS (PRODUCT LIABILITY), THIRD, §7, Comment b. All food intended for consumption on or off premises is deemed to be prepared under an implied warranty of merchantability. G.L.c. 106, §2-314. Wernick v. Bob Ware’s Food Shops, Inc., 27 Mass. App. Dec. 19 *175 (1963). The Wernick case is similar factually to the case at bar. The plaintiff broke a tooth when he bit into a date muffin containing a date pit The dates used in the preparation of the muffin were obtained from a distributor who sold them as diced, pitted dates. The dates were not examined for pits when used by the defendant to prepare the muffins. In sustaining the trial court’s finding against the defendant who sold the muffin to the plaintiff, the opinion commented, as follows:
... [A] t the outset it seems reasonable that while the presence of a date pit might be expected in a package not sold as pitted dates, nevertheless a date pit in a muffin or, for that matter, in a package of dates sold as pitted dates presents a very different situation. In the latter case, the presence of a pit would not be reasonably expected, and its presence, as in the instant case, could prove as out of place and as harmful as a stone or pebble in baked beans [citation omitted].
Id. at 23-24.
Similarly, in O’Brien v. Dora Ferguson Catering, Inc., 1988 Mass. App. Div. 151, the Appellate Division sustained the trial judge’s determination that a plaintiff injured by a bone while ingesting a chicken pie was entitled to recover a breach of implied warranty.
Under G.L.c. 106, §2-314, a seller of food impliedly warrants that the food is fit to be eaten. In this case, the trial judge found that there was a bone in the chicken pie sold to the plaintiff by the defendant. There was no specific finding as to whether the bone was a chicken bone or a non-chicken bone. ...
Id. at 151. The court in applying the reasonable expectations test, concluded that it did not make a difference whether the bone ingested was chicken or not. Id. at 152.
2. The supermarket’s principal complaint on appeal is that it was entitled as a matter of law to prevail on its third-party complaint against the distributor in view of the trial judge’s finding against the supermarket. We disagree.
First, the third-party action is derivative and is founded upon the theory of indemnification or contribution. Gabbidon v. King, Director of the Children’s Lead Poisoning Program, 414 Mass. 685, 686 (1993). The trial judge did not make a specific finding as to whether a pit or some other offending substance was the proximate cause of the plaintiff’s broken tooth. The trial judge was not required to make written findings of fact or to announce the precise theory upon which he found for the plaintiff, although such findings are helpful and are encouraged. See Rule 52(c), Mass. R. Civ. R; Matter of Loeb, 315 Mass. 191, 196 (1943). As suggested in the O’Brien case, supra, in deciding the supermarket’s liability, it would not matter whether the offending agent was a cherry pit or a chicken bone, or, for that matter, a pebble, so long as the “reasonable expectations” test for liability is met. The other ingredients of the chicken dinner apparently were not supplied by the third-party defendant. The plaintiff was not required to exclude every other possible cause for her injury except one for which the defendant is legally liable so long as she demonstrates a greater likelihood than not that the cause was attributable to the defendant. Flynn v. Growers Outlet, Inc., 307 Mass. 373, 377 (1940). The third-party plaintiff on the other hand had the affirmative burden of showing that the cause of plaintiff’s injury was attributable to the third-party defendant, either on a theory of negligence or breach of warranty. This would imply a burden of showing that it was the cherry pit and not some other unexpected and harmful agent that caused the injury to the plaintiff. It cannot be said as a matter of law that the third-party plaintiff was entitled to prevail on that factual issue. In cases dependent on oral evidence, rarely can it be ruled that the third-party plaintiff is entitled *176 to prevail as a matter of law. Hoffman v. Chelsea, 315 Mass. 456 (1943).
Second, even if it is assumed favorably to the third-party plaintiff, that a breach of implied warrant of merchantability existed as to the distributor and third-party defendant, such breach might warrantably be found not to be the proximate cause of the injury to the plaintiff. The supermarket which assembled the ingredients and prepared and packaged the chicken dinner for sale at retail had a duty to inspect the ingredients to determine their fitness for consumption. See Jennett v. Colorado Fuel & Iron Corp; Walter Boyko, 9 Mass. App. Ct. 823, 825 (1980). It was open to the trial judge to conclude that breach of this duty was an intervening cause cutting off any liability that the distributor might otherwise have had for breach of warranty to the plaintiff. This would defeat any claim based upon principles of indemnity for reimbursement of damages the defendant might be required to pay plaintiff. See SMITH & ZOBEL, RULES PRACTICE, §14.7 (1974).
3. We deem it unnecessary to resolve questions among the parties concerning the completeness of the transcript and the relative burdens of appellant and appel-lee to generate a transcript for appeal. The record before this court is sufficiently complete that the questions crucial to this appeal may be satisfactorily determined.
Appeal dismissed.
So ordered.