Gardner, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal by the plaintiff of the allowance of the defendant’s motion for summary judgment.
Plaintiff Paul E. Cotter (“Cotter”) brought this suit against McDonald’s Restaurant of Massachusetts, Inc. (“McDonald’s”) alleging that on April 3, 2002, he sustained an injury to his tooth as the result of biting into a “foreign object” in a “Quarter Pounder” hamburger that was prepared and sold to him by McDonald’s. In his one-count complaint, Cotter asserted that McDonald’s was negligent and breached express and implied warranties in selling him defective, dangerous and unsafe food. The action was commenced on August 29,2003. On February 2,2005, after the parties completed discovery, McDonald’s filed motions, inter alia, for summary judgment. The summary judgment motion was allowed after hearing, and Cotter filed this appeal.
On April 3, 2002, Cotter purchased an “Extra Value Meal” at the drive-thru window of the McDonald’s restaurant on Main Street in Worcester. Cotter claims that he began eating the “Quarter Pounder” hamburger as he was driving his car, bit into an object about the size of a “BB” and felt a sharp pain in his tooth. He spit the food and the “BB sized” object out the car window. There was no blood present. Cotter continued home, where he had previously arranged to meet his boss and go fishing. He visited his dentist the next day and was informed that he had fractured one of his wisdom teeth. He underwent subsequent oral surgery to remove the tooth. Cotter now claims that as a result of the *133 defendant’s negligence and breach of warranties, he incurred medical expenses and endured pain and suffering.
“The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.” Audette v. Commonwealth, 63 Mass. App. Ct. 727, 728 (2005). While the reviewing court utilizes the same Mass. R Civ. P., Rule 56, standard applied by the trial court, it may adopt different reasoning and is free to consider any grounds in the record that support the trial courf s ruling. Beal v. Board of Selectmen of Hingkam, 419 Mass. 535, 539 (1995).
Pursuant to Rule 56(c), the evidence to be reviewed by the motion judge includes the “pleadings, depositions, answers to interrogatories, and responses to requests for admissions under Rule 36, together with the affidavits, if any. ...” “Facts, which as a matter of practicality are not subject to direct proof, may be proved through inference.” Rolanti v. Boston Edison Corp., 33 Mass. App. Ct. 516, 522 (1992). The moving party has the burden of affirmatively demonstrating that the pleadings present no genuine question of fact on any material issue. Attorney General v. Bailey, 386 Mass. 367, 371 (1982). Where, as in the instant case, the movant would not have the burden of proof at trial, the movant may satisfy his summary judgment burden by demonstrating that proof of an essential element of the other party’s claim is unlikely to be advanced at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 714 (1991).
In defective foods cases, Massachusetts courts follow the “reasonable expectations” test, which “has been generally recognized as preferable to the foreign substance-natural substance test.” Phillips v. Town of West Springfield, 405 Mass. 411, 412 (1989). ‘The reasonable expectations test... considers whether the consumer reasonably should have expected to find the injury-causing substance in the food.” Id., citing 3 A.M. SQUILLANTE & J.R FONSECA, S. WlLLISTON ON SALES §18-10 at 103 (4th ed. 1974). In the case at bar, the plaintiff is unable to identify the composition of the “injury-causing substance.” He cannot state, much less prove, that the “BB sized” object was foreign to the food, or was a piece of bone or some other substance generated by the food processing procedure. In the absence of direct evidence, the dispositive issue is whether the plaintiff could advance circumstantial evidence sufficient to defeat the defendant’s summary judgment motion.
In Schafer v. JLC Food Systems, Inc., 695 N.W.2d 570 (Minn. 2005), the Supreme Court of Minnesota vacated the allowance of summary judgment for the defendant, stating:
[Wjhen the specific harm-causing object is not known, circumstantial evidence should be available, if such evidence is sufficient and other causes are adequately eliminated, for purposes of submitting the issue of liability to the jury in defective food products cases.... The use of circumstantial evidence, however, is not without limits, nor should it be. In order to address defendants’ legitimate concerns about a lack of boundaries for such claims, we hold that in defective food products cases a plaintiff may reach the jury, without direct proof of the specific injury-causing object or substance, when the plaintiff establishes by reasonable inference from circumstantial evidence that: (1) the injury-causing event was of a kind that would ordinarily only occur as a result of a defective condition in the food product; (2) the defendant was responsible for a condition that was the cause of the injury; and (3) the injury-causing event was not caused by anything other than a food product defect existing at the time of the food product’s sale. In order to forestall summary judgment, each of the three elements must be met.
*134 Id. at 576-577. In Schafer, a woman went to a restaurant, purchased a muffin and began to eat it on the premises. Using a fork, she took the first bite of the muffin and immediately felt a sharp pain in her throat and a choking sensation. The woman went directly to a hospital emergency room where she was treated for a laceration in her throat. The uneaten portion of the muffin was not saved, and the alleged foreign object was never recovered.
In contrast, the plaintiff in this case began eating the McDonald’s hamburger as he drove away from the restaurant. Cotter bit into the “BB” sized object and spit it out the window while his car was moving. Cotter was alone; no one witnessed the event. He continued to his home and went fishing later that day. Cotter did not go immediately to the restaurant to report the event,[1] and delayed until the following day to seek medical treatment. Further, the nature of the alleged object and resulting injury differ from those in the Schafer case-, i.e., biting on a “BB” sized object as opposed to having a sharp object lacerate the throat or mouth area.[2] Viewing this circumstantial evidence in the light most favorable to Cotter, Doe v. Harbor Schools, Inc., 446 Mass. 245, 248 (2006), we conclude that a jury could not reasonably infer that Cotter’s injury was of a kind that would have ordinarily occurred only as a result of a defective condition in a hamburger and did not result from any other cause. Cotter could not “rest upon the mere allegations or denials of his pleading” to defeat McDonald’s summary judgment motion, but was obligated to “set forth specific facts showing that there [was] a genuine issue for trial.” Mass. R. Civ. R, Rule 56(e). See, e.g., Foster v. Hurley, 444 Mass. 157, 160 n.3 (2005). Ashe failed to do so, summary judgment was properly entered in favor of the defendant.[3]
Summary judgment for the defendant is affirmed.
So ordered.

 The record does not state when the defendant received notice of the claim.

 It is conceivable that the object Cotter bit was a dislodged piece of his own tooth or filling.

 Given the propriety of summary judgment for the defendant, it is unnecessary to reach McDonald’s additional motion to exclude evidence of the “BB sized” object on the ground of spoliation. See, generally, Keene v. Brigham & Women’s Hosp., Inc., 439 Mass. 223, 234-236 (2003). There is no indication in the record that the trial court made any ruling on McDonald’s motion, or even considered the question of spoliation in entering summary judgment.