Williams, PJ.
Eating a McDonald’s double cheeseburger while driving his truck, the plaintiff, Daniel L. Burns, Jr. (“Burns”), felt a molar break on a hard object, which he did not recover. He brought this suit against McDonald’s Corporation (“McDonald’s”), which obtained summary judgment. Burns appealed, claiming that the motion judge erred in ruling that Burns could not demonstrate that the object on which his tooth had broken was something in the cheeseburger itself or something he should reasonably have expected would not be in the cheeseburger. We find no error and dismiss the appeal.
We view the facts in the light most favorable to Burns. See, e.g., Scully v. Tillery, 456 Mass. 758, 767-768 (2010). On October 20,2006, Burns bought a double cheeseburger at a McDonald’s restaurant drive-through window in Raynham. As he drove his pickup truck onto Route 44 while finishing the cheeseburger, Burns had to brake so suddenly because of traffic that he had to restrain with his right hand his 75-pound dog, which had “started to go flying,” and then grab the steering wheel with both hands to keep his truck under control. Indeed, he “needed to push” the cheeseburger into his mouth so he could grab the wheel. While braking, with cars around him swerving, including the car behind him “swervfing] out from underneath the truck and into the breakdown lane,” Burns bit onto something and felt pain in the whole right side of his mouth. With his tongue, he felt a round and “hard and bumpy” object about the size of a “small pea.”[2] He spit the contents of his mouth into a napkin. Examining that material later, he found what might have been tooth fragments, but not the offending object, which he never saw or felt, except with his tongue. Burns reported the incident to the restaurant on the day it occurred, and was examined by his dentist later the same day.
*206 Almost exactly a month before this incident, on September 19,2006, a piece of the tooth at issue here simply “had come off’ while Burns was eating.
The motion judge allowed McDonald’s motion for summary judgment in reliance on Cotter v. McDonald’s Restaurant of Mass., Inc., 2006 Mass. App. Div. 132, the rare, if not sole, reported Massachusetts decision concerning a claimed harmful substance in hamburger.[3] Cottef s facts closely resemble those here. Cotter claimed he *207 injured a tooth by biting into a BB-sized object in a McDonald’s “Quarter Pounder” while driving. He spat the food and the “BB” out of the car window. Id at 32. The Appeals Court, affirming the Western District of the Appellate Division, ruled that Cotter was required to show that an act or omission by McDonald’s caused his injuries (negligence), or that the Quarter Pounder contained “an injury-causing substance that a consumer would not reasonably have expected to find therein” (breach of warranty) — the “reasonable-expectations” test. Cotter v. McDonald’s Restaurants of Mass., Inc., No. 07-P-775, at 3, 4 (Mass. App. Ct. May 21, 2008) (unpublished 1:28 *208 decision). See Phillips v. Town of West Springfield, 405 Mass. 411, 412-413 (1989) (turkey bone in cubed turkey); Webster v. Blue Ship Tea Room, Inc., 347 Mass. 421, 426 (1964) (fish bone in fish chowder). The Appeals Court further stated that as the offending object “could have been anything — gravel, a bone, or a piece of Cotter’s tooth or filling that did not originate in McDonald’s food product... [,] the jury would be left to speculate about the object.” Cotter, supra at 4. Additionally, because Cotter had “no idea” what the object was, “a jury would be unable to apply the reasonable expectations test required to evaluate the ... warranty claim.” Id. The law in Massachusetts, then, is that, in order for a plaintiff reasonably to expect success at trial, he or she must be able to show, first, what the offending substance in the subject food was and, second, that the substance was one that a consumer would not reasonably expect to encounter in that particular foodstuff.
The standard of review of the allowance of a motion for summary judgment, which is de novo, see Nova Assignments, Inc. v. Kunian, 77 Mass. App. Ct. 34, 35 (2010),[4] is familiar. We must determine “whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.” Coviello v. Richardson, 76 Mass. App. Ct. 603, 607 (2010), quoting Nelson v. Salem State College, 446 Mass. 525, 530 (2006). See Mass. R. Civ. P., Rule 56(c). “[A] party moving for summary judgment in a case in which the opposing party will have the burden of proof at trial is entitled to summary judgment if he demonstrates, by reference to material described in [Rule] 56(c), unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case.” Finn v. National Union Fire Ins. Co. of Pittsburgh, Pa., 452 Mass. 690, 692 n.7 (2008), quoting Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). To defeat McDonald’s motion, Burns must have either advanced specific facts demonstrating the existence of a genuine issue of material fact, or established a legal impediment to McDonald’s entitlement to judgment. University of Pa. v. Halpern, 2009 Mass. App. Div. 172, 173.
Given Massachusetts law as set forth in Cotter, Burns had no expectation of either demonstrating the identity of the object on which he allegedly bit, or, it follows, of establishing that object or substance was one that a consumer should not reasonably have expected to find in a cheeseburger. Unable to prove the nature of the object he claims caused his dental injury, Burns was ill positioned to ask a jury to apply the reasonable-expectations test that is the law in cases like this. Summary judgment against him was properly entered.
Summary judgment for the defendant is affirmed.
So ordered.

 Burns testified at deposition that, as he tried to feel the object with his tongue, he “didn’t know if a piece of [his] tooth had come off or a piece of filling had come off of [his] tooth.... [He] was trying to figure what it was, and [his] mouth was hurting, and [he] touched it with [his] tongue ... it was very round.”

 Several Appellate Division decisions concern other popular American foods. See Jackson v. Bumble Bee Seafoods, Inc., 2003 Mass. App. Div. 6 (small bones in canned tuna); Williams v. Roche Bros. Supermarkets Inc., 1999 Mass. App. Div. 174 (cherry pit in chicken dinner); O’Brien v. Dora Ferguson Catering, Inc., 1988 Mass. App. Div. 150 (bone in chicken pie); Wernick v. Bob Ware’s Food Shops Inc., 27 Mass. App. Dec. 19 (1963) (date pit in muffin). But given the totemic status of the ham- or cheeseburger, and the ubiquity of fast-food purveyors selling them, one would have anticipated finding among reported Massachusetts decisions a turf version or two of Webster v. Blue Ship Tea Room, Inc., 347 Mass. 421 (1964) (fish chowder). Cotter apparently stood alone, at least until now. (Although McSweeney v. McDonald’s Corp., 1991 Mass. App. Div. 197, concerned a complaint about “Quarter Pounders” with cheese. The plaintiff in that case allegedly contracted Campylobacter after consuming three such sandwiches, two of which tasted “funny,” but he did not encounter an alleged unwelcome object per se.).
Indeed, cases from any American courts involving claims of injury wrought while eating hamburgers are scarce. As a New York court noted in Rudloff v. Wendy’s Restaurant of Rochester, Inc., 12 Misc. 3d 1081, 1084 (N.Y. City Ct. 2006), “one would expect to find volumes of case law.... However, a review of New York law shows ... surprisingly little case law on the subject of prepared foods causing injuries to restaurant patrons, and ... no cases involving an injury caused by a hamburger.” Although principles governing food cases do not always turn on the kind of food involved, decisions involving hamburgers — meat that has been ground — tend to distinguish themselves from decisions concerning other foods, and are uncommon enough to permit a review of this subgenre.
Probably the leading burger case outside the Commonwealth is Rudloff, which reached the opposite result of that in Cotter, and here. The Rudloff court held that Wendy’s was not entitled to summary judgment despite Rudloff’s inability to prove what he had bitten in the burger, having swallowed it. The issue “of whether that food has been rendered unfit for consumption (i.e., should a consumer have reasonably expected the object to be in the food), except in the rarest of cases, should not be decided as a matter of law” but, rather, is a jury issue. Id. at 1094. In basic accord with the result in Rudloff are: Evart v. Suli, 211 Cal. App. 3d 605 (1989) (summary judgment reversed: jury question whether unrecovered hard object, “agreed” to be piece of beef bone, was of sufficient “size and quantity” to be harmful to consumer); Mitchell v. BBB Servs. Co., 261 Ga. App. 240 (2003) (summary judgment reversed: plaintiff should not reasonably have anticipated presence of small, hard “bone color” object in Wendy’s hamburger given nature of that food, and burger was therefore defective within meaning of UCC §2-314); Ray v. Deas 112 Ga. App. 191 (1965) (patron who bit into “hard unyielding substance” in hamburger entitled to recover *207 on breach-of-warranty theory if restaurateur negligently failed to inspect contents of burger); Goodman v. Wenco Foods, Inc., 333 N.C. 1 (1992) (summary judgment reversed in part: jury question as to whether bone the size of small fingernail in hamburger should be reasonably anticipated); Elias v. Norton, 53 Ohio App. 38 (1936) (student injured by “large piece of metal” in hamburger entitled to proceed against school-cafeteria operators). Regarding the vicarious liability of McDonald’s as franchisor, see Miller v. McDonald’s Corp., 150 Or. 274 (1997) in which plaintiff allegedly bit into “heart-shaped sapphire stone” in “Big Mac” sandwich.
On the other hand, courts in three other states have denied recovery to hamburger eaters on various grounds. See Richardson v. Four-Cam Apple Valley, Inc., 2001 WL 1480312 (Cal. App. 2001) (theory of res ipsa loquitur unavailable to plaintiff who broke tooth on “rock-like substance” in hamburger when McDonald’s obtained frozen patties from third party); Ford v. Miller Meat Co., 28 Cal. App. 4th 1196 (1994) (bone fragment, at least one no longer than l/8th inch, is natural substance to be expected in ground beef); Maiss v. Hatch, 8 Cal. Rptr. 351 (Cal. App. Super. 1960) (plaintiff who broke tooth on piece of bone in hamburger denied recovery because piece was likely beef bone and so not a foreign substance); Morin v. Troymac’s, Inc., 2000 WL 670040 (Conn. Super. 2000) (theory of reckless disregard unavailable to plaintiff seriously injured when piece of “severely burned” cheeseburger “splintered off’ and lodged in esophagus); Riviere v. J.C. Penney Co., 478 So. 2d 965 (La. Ct. App. 1985) (strict liability unavailable to plaintiff who broke tooth on hamburger without evidence of what foreign substance was, and negligence not issue without evidence of “natural deleterious substance”); Loyacano v. Continental Ins. Co., 283 So. 2d 302 (La. Ct. App. 1973) (breach of warranty theory unavailable because it cannot be said that hamburger patty should not contain any pieces of bone). Riviere and Loyacano were perhaps compromised, however, by Porteous v. St. Ann’s Café & Deli, 713 So. 2d 454 (La. 1998), in which a “food provider” was charged with the duty to act as a reasonably prudent person skilled in the culinary art in the selection and preparation of food. Id. at 457. Since Porteous concerned a pearl in an oyster, though, it is unclear how the duty announced in that case would translate to a case against a mass purveyor of hamburgers, in one of which appeared an injury-causing piece of bone.
Cases brought by incarcerated plaintiffs claiming encounters with unforeseen hamburger ingredients have invariably foundered on procedural missteps. See Johnson v. Powers, 2008 WL 5210549 (D.S.C. 2008) (glass); Newell v. Singlesource, Inc., 2007 WL 2332475 (N.D.W. Va.) (coin); Boyd v. Riley, 2003 WL 22989025 (Tenn. Ct. App. 2003) (“piece of hard plastic”). See also Summers v. Max & Erma’s Restaurant, Inc., 2008 WL 3822437 (Ohio App. 2008) (“foreign object”).

 “[W]e owe no deference to the [motion] judge’s decision because it is a ruling of law and involves no credibility or evidentiary determinations.” Boone v. Commerce Ins. Co., 451 Mass. 192, 195 (2008).